A02A0513. THE STATE v. LYONS et al.
(568 SE2d 533)

PHIPPS, Judge.

A multi-count indictment charged each defendant in this case with various sexual offenses allegedly perpetrated against a 13-year-old female in October 2000. The defendants filed general demurrers contesting certain rape charges alleged to have been committed by having carnal knowledge of the female whose "overall cognitive age equivalence" or "overall age equivalence" was allegedly "less than 10 years of age." The State argued that the alleged conduct constituted rape as defined by OCGA § 16-6-1 (a) (2), which provides that "[a] person commits the offense of rape when he has carnal knowledge of [a] female who is less than ten years of age." The trial court ruled that "10 years of age" was determined by the number of years a person had been on earth from date of birth to date of crime and sustained the general demurrers, thereby dismissing the contested rape counts. The State appeals. Because, under the applicable rules of statutory construction, the alleged conduct is insufficient to constitute rape as defined by OCGA § 16-6-1 (a) (2), we affirm.

In interpreting a statute,

> our goal is to determine its legislative purpose. In this regard, a court must first focus on the statute's text. In order to discern the meaning of the words of a statute, the reader must look at the context in which the statute was written, remembering at all times that the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes. If the words of a statute, however, are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results,

then this Court is bound to follow the meaning of those words. If, on the other hand, the words of the statute are ambiguous, then this Court must construe the statute, keeping in mind the purpose of the statute and the old law, the evil, and the remedy. OCGA § 1-3-1 (a). Moreover, because this is a criminal statute, it must be strictly construed against the State.[1]

We presume that statutes are enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it.[2] Before subsection (a) (2) was added to OCGA § 16-6-1 in 1999, a person committed (forcible) rape when he had carnal knowledge of a female, forcibly and against her will.[3] Statutory rape was and is defined as engaging in sexual intercourse with any person under the age of consent and required no showing of force or lack of consent.[4] In *Drake v. State*,[5] our Supreme Court remarked that some "very old cases [had] blended concepts of nonconsent and force" in rapes involving underage victims and had caused confusion.[6] *Drake* clarified that while a victim's age may show lack of consent where the victim is legally incapable of consent, it does not supply the element of force.[7] The Court explained, "It is true that sometimes mere lack of consent imputes force, but this is true only where children are not involved."[8]

Our Supreme Court reaffirmed *Drake* in *State v. Collins*[9] and further recognized that if the victim's age alone supplied the elements of both force and lack of consent, then, as a practical matter, few defendants would be charged with statutory rape.[10] The Court reasoned that

establishing a single rule of law in all forcible rape cases involving underage victims is problematic. If we were to presume that force is shown every time the victim is below the legal age of consent, the same rule would apply to the child

---

[1] (Punctuation and footnotes omitted.) *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999).

[2] *Dudley v. State*, 273 Ga. 466, 468 (542 SE2d 99) (2001).

[3] See *Drake v. State*, 239 Ga. 232-233 (1) (236 SE2d 748) (1977).

[4] OCGA § 16-6-3 (a); *Drake*, supra.

[5] Supra.

[6] *Drake*, supra at 233.

[7] Id. at 234.

[8] Id.

[9] 270 Ga. 42, 43 (508 SE2d 390) (1998) (the State must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age).

[10] *Collins*, supra at 44; see also *Drake*, supra at 234.

entering kindergarten and the sexually active high school student. This single treatment not only ignores the wide variety of factual situations in rape cases, but also runs counter to the trend in the criminal law to create "meaningful grading distinctions among the different forms of the offense."[11]

Recognizing that the quantum of evidence needed to prove force against a child is minimal,[12] the Court in *Collins* urged the General Assembly to enact an additional definition of forcible rape that would "reestablish our common-law rule and the common-sense principle that sexual intercourse with a child under ten years of age is a forcible act constituting rape as a matter of law."[13]

In 1999, the General Assembly enacted OCGA § 16-6-1 (a) (2).[14] The language of that Code section delimiting the victim's age as "less than ten years of age" is unambiguous. Giving the plain words their ordinary and literal meaning, the legislature unquestionably intended to increase the protection afforded to victims chronologically under the age of ten. It does not follow, however, that the legislature further intended to include victims who are chronologically beyond that age, such as the 13-year-old here. "The unambiguous words of a criminal statute are not to be altered by judicial construction so as to punish one not otherwise within its reach, however deserving of punishment his conduct may seem."[15] Had the legislature intended to extend the protection of OCGA § 16-6-1 (a) (2) to victims other than those less than ten chronological years of age, it could have said so. It did not.

Even if we determined that the language is ambiguous, the result would be the same. "When a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute *must* be construed strictly against the State and in favor of the accused."[16] Thus, even if the State's broad construction were reasonable, the contrary strict construction of the criminal statute must be accepted because it is at least equally reasonable.[17]

Our construction of OCGA § 16-6-1 (a) (2) adheres to the principle of preserving meaningful grading distinctions among the differ-

---

[11] (Footnote omitted.) *Collins*, supra at 45.

[12] Id. at 44-45.

[13] Id. at 46.

[14] Ga. L. 1999, p. 666.

[15] (Citation and punctuation omitted.) *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998).

[16] (Citations and punctuation omitted; emphasis in original.) Id. at 439.

[17] See id.

ent forms and factual situations of rape in cases involving victims under the age of consent. And we have construed the statute in connection with other provisions of the criminal code. Indeed, in this case, each defendant was also charged with forcible rape under OCGA § 16-6-1 (a) (1). And although they were not charged with it, the acts attributed to them constituted statutory rape under OCGA § 16-6-3 (a).

We reject the State's position that the legislature intended the phrase "less than ten years of age" as used in OCGA § 16-6-1 (a) (2) to refer not only to chronological age but also to "overall cognitive age equivalence" or "overall age equivalence."[18] Accordingly, the conduct alleged in the contested charges is not within the ambit of that statute.

A general demurrer challenges the sufficiency of the substance of an indictment and should be granted only when a defendant can admit all the charged allegations as made and still be innocent.[19] The demurrer should be denied, however, if the guilt of the defendant follows as a legal conclusion from the alleged facts.[20] Here, the defendants could admit to the factual allegations of the contested charges and still be innocent of them. The trial court did not err in sustaining the defendants' general demurrers as to violations of OCGA § 16-6-1 (a) (2).

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 24, 2002 —
RECONSIDERATION DENIED JULY 8, 2002 — 

*Patrick H. Head, District Attorney, Dana J. Norman, Frances D. Hakes, Eleanor A. Kornahrens, Assistant District Attorneys,* for appellant.

*O'Brien & Koontz, Dennis C. O'Brien, Martin & Parker, Roderick H. Martin, Russell J. Parker, Jr., Scott P. Semrau, Lawrence W. Daniel, Steven A. Cook, Jimmy D. Berry, John W. Morse, Cindi L. Yeager, John A. Hildebrand, J. Stephen Schuster, George J. Robinson,*

---

[18] Accord *Couch v. State*, 253 Ga. 764, 765 (2) (325 SE2d 366) (1985) ("[t]he age referred to in [OCGA § 16-3-1] is, of course, biological age. Nothing evidences a legislative intent to refer to 'mental age' – if, indeed, such a thing could ever be determined."); *Foster v. State*, 216 Ga. App. 26, 28 (2) (453 SE2d 482) (1995) ("[i]t is clear from the plain language of OCGA § 24-3-16 that the legislature intended to limit [an] exception to the hearsay rule to statements made by a child who was under the chronological age of 14 at the time of the alleged act").

[19] *Dennard v. State*, 243 Ga. App. 868, 869-870 (534 SE2d 182) (2000); *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

[20] *Dunbar*, supra.

*Jr., Jill E. Stahlman, John R. Greco, Constance McManus, Joanne E. Elsey, James W. Gibert, Derek M. Wright*, for appellees.