## A03A1449. HALE v. THE STATE.

(586 SE2d 372)

JOHNSON, Presiding Judge.

Following a bench trial, the trial judge found Traci Hale guilty of "laying drags," defined in OCGA § 40-6-251 as causing a vehicle to

move in a zigzag or circular course or to gyrate or spin around. Hale appeals, alleging the evidence was insufficient to support his conviction. We agree and reverse Hale's conviction.

Viewed in a light most favorable to support the trial judge's verdict, the evidence shows that on October 11, 2002, at approximately 1:30 a.m., an officer less than one block away heard someone allegedly "laying drags." The sound, consisting of an engine and screeching tires, created a disturbance throughout the neighborhood. The officer immediately circled the block and arrived at Hale's location in less than 30 seconds. At that time, the officer observed Hale driving a car that had just come to a stop on the street.

As the officer approached Hale, he saw burnt oil and burnt rubber smoke coming from the engine and tires of Hale's car. In addition, Hale's car was on top of approximately 50 feet of skid or drag marks that went "forward and back." The officer described these multiple drag marks as heavy, thick, and black. These marks were all located in front of Hale's home, a residential neighborhood with approximately 100 houses on the street. The officer testified that he had no doubt in his mind that Hale's car made the skid marks and that there were no other cars on the road at that time of night.

Hale asserts that the marks on the road did not constitute drag marks because there is no evidence that the marks were in a zigzag or circular pattern, and OCGA § 40-6-251 only prohibits "causing the vehicle to move in a zigzag or circular course or to gyrate or spin around." Having considered the record, we are constrained to agree.

Criminal statutes must be construed strictly against the state and in favor of the accused.[1] If the words of a statute are plain and capable of having but one meaning, and do not produce any absurd, impractical, or contradictory results, then this Court is bound to follow the meaning of those words.[2] In fact, in previously construing OCGA § 40-6-251, we held that a defendant did not technically violate the "laying drag" statute because there was no evidence that he caused his vehicle "to move in a zigzag or circular course or to gyrate or spin around."[3] Likewise, there is no evidence in the present case that Hale's vehicle moved in a zigzag or circular course or that Hale caused the vehicle to gyrate or spin around. Based on the evidence in the record, the state failed to prove that Hale was "laying drags" within the meaning of OCGA § 40-6-251.

*Judgment reversed. Eldridge and Mikell, JJ., concur.*

---

[1] *Palmer v. State*, 260 Ga. 330, 331 (393 SE2d 251) (1990).

[2] *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999).

[3] (Punctuation omitted.) *State v. Armstrong*, 223 Ga. App. 350 (477 SE2d 635) (1996).

DECIDED AUGUST 12, 2003.

*Tara D. Dickerson, Kevin J. Jones,* for appellant.

*Joseph J. Drolet, Solicitor-General, Jennifer L. Moore, Assistant Solicitor-General,* for appellee.