FINAL COPY
294 Ga. 576

S13A1717.  KENNEDY v. CARLTON.

HINES, Presiding Justice.

This is an appeal by the Warden from the superior court's grant of habeas corpus relief to criminal defendant Lewis Alan Carlton, based upon the court's determination that OCGA § 16-10-23, which criminalizes impersonating an individual serving in a public capacity, is constitutionally defective as vague and ambiguous.  For the reasons that follow, we reverse.

On April 5, 2012, Carlton made several telephone calls to neighbors of the foster mother of Carlton's three children. Representing himself as an employee with the Georgia Department of Family and Children Services ("DFCS"), Carlton questioned the neighbors regarding the foster mother's treatment of his children.  Neighbors brought the foster mother over to listen in on a conversation with Carlton, at which point the foster mother identified the caller as Carlton and telephoned the police.

Carlton was indicted on thirteen separate counts; however, orders of nolle prosequi were entered on ten of the counts as part of a negotiated plea

agreement. The remaining three counts each charged Carlton with violation of OCGA § 16-10-23 by "impersonation of public employee." On October 11, 2012, Carlton appeared in superior court, ostensibly ready to enter an *Alford*[1] plea on the impersonation counts. However, Carlton then backed out of the plea deal and decided to take his case to trial. The next day, the parties had lengthy argument as to the constitutionality of the impersonation statute as applied to Carlton. Shortly thereafter, Carlton requested the same plea deal that previously had been offered. The parties then returned to superior court on October 15, 2012, and Carlton entered an *Alford* plea to all three impersonation counts. At the October 15 hearing, Carlton repeatedly expressed to the superior court his concern and understanding that he would retain the right to attack the statute's legality, stating, "I want to be very clear that I'm not waiving away my right to the habeas corpus to challenge the OCGA § 16-10-23, impersonating a public officer."

Carlton then petitioned the superior court in the county in which he was incarcerated for a writ of habeas corpus, initially asserting ineffective assistance of counsel and violation of his right to due process for being convicted of three

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

counts of an indictment which failed to establish a crime. However, he amended his petition so that what remained for the habeas court's consideration was a due process argument and his challenge to OCGA § 16-10-23.

In a June 11, 2013 order, the habeas court granted Carlton's petition for writ of habeas corpus, ruling that OCGA § 16-10-23 failed to adequately hold itself out as applicable to public *employees* as opposed to public *officers*, and thus, the statute "did not provide [Carlton] with the appropriate notice that he could be criminally responsible for impersonating a Department of Family and Children Services Employee."

1. As a threshold matter, contrary to the contention of the Warden, Carlton has not waived his challenge to OCGA § 16-10-23. Carlton made the challenge prior to the entry of his pleas, and expressly attempted to reserve it following his pleas. Compare *Kolokouris v. State*, 271 Ga. 597 (523 SE2d 311) (1999). Moreover, the gravamen of Carlton's challenge is that inasmuch as OCGA § 16-10-23 failed to adequately give notice that his conduct was criminal, the statute is fatally flawed, and the counts in his indictment, to which he pled, failed to charge him with any crime. A plea of guilty does not waive the defense that an indictment charges no crime. *Smith v. Hardrick*, 266 Ga. 54,

3

56 (3) (464 SE2d 198) (1995).

2. The gravamen of Carlton's challenge on habeas corpus was that the indictment did not charge him with a crime as it only criminalizes impersonating an "officer," while he impersonated an "employee." However, the Warden is correct that the habeas court erred in finding that OCGA § 16-10-23 is vague and ambiguous in this regard. OCGA § 16-10-23, which is captioned "Impersonating a public officer or employee," consists of a single sentence:

> A person who falsely holds himself out as a peace officer *or other public officer or employee* with intent to mislead another into believing that he is actually such officer commits the offense of impersonating an officer and, upon conviction thereof, shall be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

(Emphasis supplied.) Thus, the statute forthrightly and plainly states that it applies to *public employees*, as well as *peace and other public officers*. The fact that the remainder of the sentence does not expressly again recite "employee" does not negate the clear and express legislative mandate.

Moreover, even assuming arguendo that the fact that the term "employee" is not renamed in the close of the sentence renders the statute ambiguous in this regard, the fundamental rules of statutory construction compel the conclusion

4

that the prohibition of the statute applies to impersonation of public employees.

A statute, including one criminalizing conduct, is to be construed according to its terms, giving those terms their plain and ordinary meaning, and avoiding a statutory construction that will render some of the statutory language mere surplusage; in considering the appropriate construction, this Court must seek to effectuate the intent of the General Assembly. *Doe v. State*, 290 Ga. 667, 668 (725 SE2d 234) (2012). This statute explicitly states that it applies to impersonation of a "public officer or employee." If the General Assembly did not intend that the reach of the statute extend to impersonation of public employees, then the express use of the word "employee" in the statute would constitute "mere surplusage."

Furthermore, the obvious intent and purpose of the General Assembly in enacting the statute is to protect the people of this State from intimidation and other potential abuses and dangers at the hands of an individual misrepresenting himself or herself as one cloaked with the authority and power which may attend public office or employment. The circumstances of this case, involving the welfare of minor children, well illustrate the potential perils of permitting one to falsely represent employment by a governmental agency to further a personal

5

agenda.

A criminal statute is not unconstitutionally vague if its terms furnish those of common intelligence who come in contact with it a test with normal criteria which may be used with reasonable safety by a person to determine the statute's command; in this regard, due process requires only that the law give sufficient warning so that individuals are able to avoid the conduct which is forbidden. *Dunn v. State*, 286 Ga. 238, 241 (1) (686 SE2d 772) (2009). Indeed, if the phrase in a statute challenged as vague has a commonly understood meaning, it is sufficiently definite to satisfy due process concerns. Id.

OCGA § 16-10-23 specifies that it is a crime for an individual to falsely hold himself or herself out as a public employee, with the intent to mislead another into believing that he or she is actually such person. It commands to a person of common intelligence that he or she refrain from such conduct. The statute provided Carlton with appropriate notice that his actions would constitute a violation of the law. Thus, the habeas court erred in determining that the statute failed to provide Carlton with sufficient notice that he could be criminally responsible for impersonating a DFCS employee. Consequently, the judgment of the habeas court cannot stand.

6

<u>Judgment reversed.  All the Justices concur</u>.

Decided February 24, 2014.

Habeas corpus. Chatham Superior Court. Before Judge Morse.

<u>Samuel S. Olens</u>, Attorney General, <u>Patricia B. Attaway Burton</u>, Deputy Attorney General, <u>Paula K. Smith</u>, Senior Assistant Attorney General, <u>Andrew G. Sims</u>, Assistant Attorney General, for appellant.

<u>Zell & Zell, Rodney S. Zell</u>, for appellee.