**March 15, 2019**

# In the Court of Appeals of Georgia

A18A1676. THE STATE v. MERCIER.

COOMER, Judge.

The State filed an accusation against Ryan Emory Mercier, charging him with one count each of possession of hydrocodone and possession of clonazepam. Because Mercier was suffering from a drug overdose when he was found by police officers following multiple 911 telephone calls, he filed a motion for immunity pursuant to OCGA § 16-13-5 (the "Georgia 9-1-1 Medical Amnesty Law"; see Ga. L. 2014, p. 683, § 1-1 (not codified)). Following a hearing, the Superior Court of Houston County granted Mercier's motion. The State appeals,[1] arguing that the trial court erred

---

[1] See OCGA § 5-7-1 (a) (1) ("An appeal may be taken by and on behalf of the State of Georgia . . . to the Court of Appeals or the Supreme Court in criminal cases and adjudication of delinquency cases in the following instances: (1) From an order, decision, or judgment setting aside or dismissing any indictment, accusation, or a petition alleging that a child has committed a delinquent act, or any count

in ruling that the plain language of OCGA § 16-13-5 (b) provides immunity to a person suffering from a drug overdose "who is helped by the kindness of strangers who certainly did not stop to consider the choice between death and prosecution. . ." Because we conclude that Mercier was entitled to the immunity offered by the statute, we affirm.

"On appeal of an order granting or denying a motion for immunity from prosecution, we review the evidence in the light most favorable to the trial court's ruling, and we accept the trial court's findings with regard to questions of fact and credibility if there is any evidence to support them." (Citation and punctuation omitted.) *State v. Pickens*, 330 Ga. App. 862, 864 (769 SE2d 594) (2015). However, "[t]he trial court's application of the law is subject to de novo appellate review." (Citation omitted.) Id.

At the outset, we note that the findings of fact entered by the trial court are sparse.[2] Viewed in a light most favorable to the trial court's order, evidence adduced

---

thereof. . . ."); *State v. Yapo*, 296 Ga. App. 158, 159 (1) (674 SE2d 44) (2009) (where trial court found that defendant was immune from prosecution, which "in effect dismissed . . . counts of the indictment[,]" judgment was directly appealable).

[2] Cf. *State v. Able*, 321 Ga. App. 632, 634, 636 (742 SE2d 149) (2013) (appellate court vacated trial court's order granting motion to suppress due to lack of findings of fact and trial judge's commentary concerning "general dislike for

2

during a pretrial hearing revealed that at least three passersby telephoned 911 to report a man lying unconscious on the roadway next to a white car. It is undisputed that none of these passersby suggested that the man was suffering from a drug overdose; rather, the callers thought the man was the victim of a hit-and-run. Upon arrival, a first responder suspected that Mercier may have overdosed.[3] In addition, a responding police officer testified that he looked in the center console of Mercier's vehicle for identification and found a plastic bag with four yellow pills and one white pill, although the trial court did not include a finding of fact based upon the officer's testimony.

After the State filed an accusation against Mercier, he moved for immunity from prosecution pursuant to OCGA § 16-13-5, arguing that "his arrest and prosecution is solely based on the drugs that were found in his vehicle while he was

knock-and-talk procedures"); see also *State v. Castillo*, 330 Ga. App. 828, 832 (769 SE2d 571) (2015) (certain motions, "by their nature, often turn on difficult questions of credibility and specific findings of fact. The principles of appellate review applicable to these motions were set forth to ensure that, in difficult cases such as this one, the trial court's resolution of these issues would be given deference, as only the trial court actually sees the witnesses and hears their testimony.") (citation omitted).

[3] Additional evidence, for which there are no corresponding findings of fact, indicated that: (1) EMS personnel treated Mercier at the scene; and (2) when the officer discovered the pills in Mercier's vehicle, the officer thought that Mercier had "[p]ossibly" overdosed.

receiving medical assistance for a drug overdose." In response, the State asserted that Mercier is not entitled to immunity because officers were responding to a "possible motor vehicle accident" and that the evidence seized "was not found 'solely from seeking . . . medical assistance.'" In its order granting Mercier's motion for immunity, the trial court observed that "there is no question [Mercier] was suffering from a drug overdose" and that immunity "clearly applies to one who is overdosing if he calls for . . . help, to a friend or family member who calls to help him or a defendant, likely using as well, who was arrested because he called to help another." The trial court also held that the plain language of the statute extends this immunity "to one such as [Mercier] who is helped by the kindness of strangers who certainly did not stop to consider the choice between death and prosecution in making the call." This appeal followed.

In its sole enumeration of error, the State contends that the trial court erred in granting Mercier's request for immunity "[b]ecause the emergency call was for a suspected hit and run and not a drug overdose. . . ." We disagree. As a threshold matter, we note that

> [i]t is elementary that in all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly. In so doing,

4

the ordinary signification shall be applied to all words. Where the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly. In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden.

(Citations and punctuation omitted.) *Chase v. State*, 285 Ga. 693, 695 (2) (681 SE2d 116) (2009). Similarly, "when interpreting a statute, all its words must be given due weight; we are forbidden to 'read out' any words in the statute unless a clear reason appears for doing so." (Citation and punctuation omitted.) *AgSouth Farm Credit, ACA v. Gowen Timber Co.*, 336 Ga. App. 581, 589 (2) (b) (i) (784 SE2d 913) (2016). To that end, we must avoid "a statutory construction that will render some of the statutory language mere surplusage[.]" *Kennedy v. Carlton*, 294 Ga. 576, 578 (2) (757 SE2d 46) (2014). "Finally, in construing the statute so as to give effect to the legislative intent a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute." (Citation omitted.) *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970).

Therefore, our starting point is OCGA § 16-13-5 (b),[4] which provides, in pertinent part

> Any person who in good faith seeks medical assistance for a person experiencing or believed to be experiencing a drug overdose shall not be arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of such drug violation resulted solely from seeking such medical assistance. Any person who is experiencing a drug overdose and, in good faith, seeks medical assistance for himself or herself or is the subject of such a request[5] shall not be arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of such drug violation resulted solely from seeking such medical assistance. . . .

Our review begins with the second sentence of OCGA § 16-13-5 (b),[6] which provides that "[a]ny person who is experiencing a drug overdose and, in good faith,

---

[4] As many as 39 other states have enacted drug overdose amnesty statutes. See Nat. Conference of State Legislatures, Drug Overdose Immunity and Good Samaritan Laws, http://www.ncsl.org/research/civil-and-criminal-justice/drug-overdose-immunity- good-samaritan-laws.aspx (last visited March 8, 2019).

[5] Georgia is one of many states that have included provisions protecting drug overdose victims who "passively receive[ ] aid. . ." *Broadous v. Commonwealth*, 795 SE2d 904, 908 (II) (B) (Va. Ct. App. 2017).

[6] The first sentence of OCGA § 16-13-5 (b), which provides immunity to "[a]ny person who in good faith seeks medical assistance for a person experiencing or believed to be experiencing a drug overdose[,]" is not at issue.

6

seeks medical assistance for himself or herself or is the subject of [a request for medical assistance] shall not be arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of such drug violation resulted solely from seeking such medical assistance." Nothing in the statute requires the caller to subjectively conclude that the subject of the call is experiencing a drug overdose in order for the statute's protections to apply.

Mercier was a person experiencing a drug overdose. He became the subject of a request for medical assistance when three people called 911 to report he was lying in the street next to his car. One of those callers believed he may have been hit by a car and the other two did not offer their belief as to how he came to be lying in the street. Emergency responders were dispatched on the basis of the calls. Without the calls from bystanders, no emergency responders, including law enforcement officers, would have been on the scene. Law enforcement officers were present solely because the bystanders called for medical assistance to Mercier. While on the scene, a law enforcement officer searched Mercier's car and found the pills that became the evidence in support of the prosecution. On these facts, the statute provides protection from prosecution to Mercier.

Therefore, based upon the plain language of OCGA § 16-13-5, we conclude that Mercier qualifies for immunity because his prosecution was the result of being the subject of a request for medical assistance while he was experiencing a drug overdose. Therefore, we affirm the judgment of the trial court.

*Judgment affirmed. Gobeil, J., concurs. Hodges, J.,concurs specially and in judgment only .**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**

# In the Court of Appeals of Georgia

A18A1676. THE STATE v. MERCIER.

HODGES, Judge, concurring specially and in the judgment only.

While I agree with the result reached by the majority, I do so for different reasons and therefore concur specially and in the judgment only. See Court of Appeals Rule 33.2 (a) (1). In this case, it is undisputed that at least three passersby telephoned 911 to report an unconscious man lying near a vehicle. None of the callers reported a drug overdose or offered to assist Mercier; to the contrary, the callers were mere bystanders. At first glance, these facts may not establish the right to immunity under the plain language of OCGA § 16-13-5 (b). However, because the second sentence of OCGA § 16-13-5 (b), upon which Mercier's motion for immunity was based, contains an ambiguity, that portion of the statute must be construed most strongly against the State. As a result, I would affirm the judgment of the trial court based upon this ambiguity.

I agree with the general description of our responsibilities in reviewing statutes provided by the majority, including that "where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Citations and punctuation omitted.) *Chase v. State*, 285 Ga. 693, 695 (2) (681 SE2d 116) (2009). However, "[i]f . . . the words of the statute are ambiguous, then this Court must construe the statute, keeping in mind the purpose of the statute and the old law, the evil, and the remedy. OCGA § 1-3-1 (a)." *State v. Lyons*, 256 Ga. App. 377, 378 (568 SE2d 533) (2002). "A statute is ambiguous when it is susceptible of more than one natural and reasonable interpretation." *SecureAlert, Inc. v. Boggs*, 345 Ga. App. 812, 814 (815 SE2d 156) (2018). "Moreover, because this is a criminal statute, it must be strictly construed against the State." *Lyons*, supra, 256 Ga. App. at 378.

OCGA § 16-13-5 (b) provides, in pertinent part

Any person who is experiencing a drug overdose and, in good faith, seeks medical assistance for himself or herself or is the subject of such a request shall not be arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of such drug violation resulted solely from seeking such medical assistance. . . .

Of particular relevance, the phrase "'[s]eeks medical assistance' means accesses or assists in accessing the 9-1-1 system or otherwise contacts or assists in contacting law

2

enforcement or a poison control center *and* provides care to a person while awaiting the arrival of medical assistance to aid such person." (Emphasis supplied.) OCGA § 16-13-5 (a) (4).

Here, it is undisputed that at least three passersby telephoned 911 to report an unconscious man lying near a vehicle. The first caller reported a man lying outside of a car and that the man appeared to be unconscious. According to the caller, the man did not appear to be breathing and had a blue or purple color, although bystanders later determined that the man had a weak pulse. Furthermore, neither the caller nor others who were with her wanted to look at the man's face or attempt to perform CPR. A second caller reported that someone had "been hit by a car;" the caller was unable to answer the dispatcher's question of whether the apparent victim was breathing but stated that the man did not appear to be moving. The third person simply stated that she saw a man collapsed next to his car, that he had a weak pulse, and that he appeared purple in color; when she heard sirens approaching, she asked to terminate the 911 telephone call. None of the callers reported a drug overdose or offered to assist Mercier.

Bearing these facts in mind, OCGA § 16-13-5 (b) provides that "[a]ny person who is experiencing a drug overdose and, in good faith, *seeks medical assistance* for

3

himself or herself *or is the subject of such a request* shall not be arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of such drug violation resulted solely from seeking such medical assistance." (Emphasis supplied.) However, the emphasized portions of the statute may be read reasonably in at least two different ways.

(a) Under the first reading, the phrase "or is the subject of such a request" refers to a person on whose behalf another person "seeks medical assistance" for a drug overdose. In other words, "such a request" modifies "seeks medical assistance." It follows that the request for medical assistance must be based upon a drug overdose and not for other causes or conditions. Moreover, "seeks medical assistance" is itself defined as "accesses or assists in accessing the 9-1-1 system . . . *and provides care to a person while awaiting the arrival of medical assistance to aid such person.*" (Emphasis supplied.) OCGA § 16-13-5 (a) (4). Accordingly, for immunity to be available, the request for medical assistance must be made by someone who provides care to the person suffering a drug overdose until medical assistance arrives, rather than a casual bystander.

However, this reading necessarily places the availability of the drug overdose victim's immunity in the hands of a third party, such as a bystander who, for

4

innumerable legitimate reasons, may decide not to assist the victim after telephoning 911. Moreover, this reading further requires that "[a]ny person who is experiencing a drug overdose and . . . seeks medical assistance for himself or herself" must "provide[] care" to himself or herself to qualify for immunity, even under circumstances when the victim may be physically unable to do so. See OCGA § 16-13-5 (a) (definition of "drug overdose" includes "extreme physical illness, decreased level of consciousness, respiratory depression, coma, mania, or death"). See, e.g., *City of Jesup v. Bennett*, 226 Ga. 606, 609 (2) (176 SE2d 81) (1970) ("a mere segment of the statute should not be lifted out of context and construed without consideration of all the other parts of the statute"). Of course, this Court is not authorized to read the statute in such a manner, and I do not believe that these absurd results comport with the statute's clear intent to encourage assistance for drug overdose victims.

(b) A second, equally reasonable reading of the statute, and one that is embraced by the majority, necessarily suggests that the phrase "or is the subject of such a request" does *not* modify "seeks medical assistance," which is a defined term under the statute and requires that a caller "provide[] care" to the victim until assistance arrives. Rather, the General Assembly's knowing use of the more general, undefined "such request," as opposed to the defined term "seeks medical assistance,"

5

does not require that a caller "provide[] care" to the victim, and would allow immunity for those, such as Mercier, who are the beneficiaries of 911 calls from strangers. While this reading appears to broaden the protections offered by the statute, it can only be accomplished by "reading out" of the statute, or rendering it surplusage, the General Assembly's requirement that a caller "provide[] care to a [drug overdose victim] while awaiting the arrival of medical assistance to aid such [drug overdose victim]." OCGA § 16-13-5 (a) (4). See *Kennedy v. Carlton*, 294 Ga. 576, 578 (2) (757 SE2d 46) (2014) (we must avoid "a statutory construction that will render some of the statutory language mere surplusage"); *AgSouth Farm Credit, ACA v. Gowen Timber Co.*, 336 Ga. App. 581, 589 (2) (b) (i) (784 SE2d 913) (2016) ("[W]hen interpreting a statute, all its words must be given due weight; we are forbidden to 'read out' any words in the statute unless a clear reason appears for doing so.") (citation and punctuation omitted.). Had the General Assembly intended that a caller need not render aid to a drug overdose victim, it could have done so easily — by redacting the phrase "provide[] care to a [drug overdose victim] while awaiting the arrival of medical assistance to aid such [drug overdose victim]" from the definition of "seeks medical assistance." See OCGA § 16-13-5 (a) (4). It did not.

6

Under either reasonable interpretation, then, the desired application of the statute cannot be accomplished without violating a statutory rule of construction — the first reading leads to absurd results, while the second is only available by rendering defined language meaningless. Therefore, neither reasonable reading advances the obvious, and laudable, purpose of the statute to encourage obtaining assistance for drug overdose victims without fear of prosecution. Accordingly, I believe that the second sentence of OCGA § 16-13-5 (b) is ambiguous. See generally *SecureAlert*, supra, 345 Ga. App. at 814. And because OCGA § 16-13-5 is a criminal statute, it must be construed most strongly against the State and in favor of Mercier. See *Lyons*, supra, 256 Ga. App. at 378. As a result, I would affirm the trial court's order granting Mercier's motion for immunity.

I do not believe, and by nothing I have written do I advocate, that the ambiguity described above invalidates OCGA § 16-13-5 in its entirety. Cf. *Nixon v. State*, 256 Ga. 261, 264 (3) (347 SE2d 592) (1986) (portion of statute found to be unconstitutional "would be severable from the remaining portions of the statute"). Rather, I would simply hold that the second sentence of OCGA § 16-13-5 (b) is ambiguous and that Mercier is entitled to any benefit resulting from the ambiguity. However, in view of the multiple possible readings of the second sentence of OCGA

7

§ 16-13-5 and to the extent that language does not comport with the General Assembly's intention to either offer or withhold immunity from drug overdose victims similarly situated to Mercier, only the General Assembly can revise the language of the statute to effectuate its true intention.

In sum, I conclude that the second sentence of OCGA § 16-13-5 (b) is ambiguous and that, as a result, the second sentence of the statute must be most strongly construed against the State. Therefore, I would affirm the judgment of the trial court granting Mercier's motion for immunity from prosecution.