NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 5, 2024

S23G0448.  MCKINNEY v. THE STATE.

PETERSON, Presiding Justice.

We granted defendant Jerrion McKinney's petition for certiorari to consider the proper construction of an evidence rule, OCGA § 24-4-418 ("Rule 418"), that in prosecutions under the Georgia Street Gang Terrorism and Prevention Act (OCGA § 16-15-1 et seq., hereinafter "Georgia's Gang Act") permits the admission of evidence that the defendant has engaged in any one of a host of other acts listed in Georgia's Gang Act. The Court of Appeals in this case concluded that Rule 418 does not require that there be some "nexus" between the other act "and an intent to further gang activity." *State v. McKinney*, 366 Ga. App. 251, 257-258 (2) (881 SE2d 699) (2022). But the Court of Appeals also concluded that evidence otherwise admissible under Rule 418 remains subject to analysis under OCGA

§ 24-4-403 ("Rule 403"). See *McKinney*, 366 Ga. App. at 258-259 (3). We agree on both points and affirm the judgment of the Court of Appeals.

In August 2021, a Fulton County grand jury issued a 37-count indictment against McKinney and Julian Conley. The indictment charged McKinney with twelve counts of violating Georgia's Gang Act, two counts of aggravated assault, and one count each of possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. The charges stem from the State's allegations that on July 4, 2020, McKinney and Conley participated in an "armed takeover" of an area of Atlanta, placing barricades in the roadway and prohibiting others from passing. The charges against Conley, who is not a party to this appeal, include murder for the shooting death of eight-year-old Secoriea Turner.

At issue in this pre-trial appeal is the State's attempt to introduce evidence of other acts by McKinney through Rule 418. Rule 418 (a) provides:

2

> In a criminal proceeding in which the accused is accused of conducting or participating in criminal gang activity in violation of Code Section 16-15-4, evidence of the accused's commission of criminal gang activity, as such term is defined in Code Section 16-15-3, shall be admissible and may be considered for its bearing on any matter to which it is relevant.

The rule also contains a notice requirement. See OCGA § 24-4-418 (b). And it provides that the rule "shall not be the exclusive means to admit or consider evidence described" therein. OCGA § 24-4-418 (c). OCGA § 16-15-3, referenced in Rule 418, is the definition section for Georgia's Gang Act. OCGA § 16-15-3 enumerates certain offenses the commission of which constitutes "criminal gang activity." See OCGA § 16-15-3 (1), (2). OCGA § 16-15-4, also referenced in Rule 418, makes various forms of criminal gang activity additional separate crimes; for instance, subsection (a) provides that "[i]t shall be unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of any offense enumerated in paragraph (1) of Code Section 16-15-3."

In McKinney's case, the trial court considered the State's

3

request to introduce evidence of the following three other acts under Rule 418: (1) a May 2015 incident in which McKinney took a stolen firearm to his school and pointed it at a classmate's head; (2) a February 2016 incident in which McKinney shot himself in the foot with a firearm and then hid the gun in nearby bushes, claiming he had been the victim of a drive-by shooting; and (3) an April 2017 incident in which McKinney robbed two victims at gunpoint. The State argued to the trial court essentially that evidence of the commission of any offense included in the definition of "criminal gang activity" in OCGA § 16-15-3 would be admissible under Rule 418, irrespective of whether there was evidence that the defendant was associated with a particular gang at the time of the offense or that the offense was committed in furtherance of a gang's interests. Based on the State's proffer, the trial court entered an order concluding that evidence of the April 2017 robbery incident was admissible but evidence of the May 2015 school incident and the

4

February 2016 shooting incident was not.[1] In its order, the trial court relied upon this Court's decision in *Rodriguez v. State*, 284 Ga. 803 (671 SE2d 497) (2009), in which we construed a prior version of OCGA § 16-15-4 (a) as requiring a nexus between the defendant's act and an intent to further a gang's purposes. Reading *Rodriguez* to establish "the necessity of reading the various sections of [Georgia's Gang Act] in conjunction with one another," the trial court concluded that "in reading OCGA § 24-4-418 and its reference to OCGA §§ 16-15-3 and 16-15-4 and those statutes in conjunction with one another that a nexus between the prior act and an intent to further gang activity must be established for the evidence to be admissible under OCGA § 24-4-418 in this case."

The State appealed, arguing that the trial court abused its discretion by excluding some evidence of McKinney's prior gang activity, because the plain language of Rule 418 does not require the

---

[1] The State also sought admission of the evidence under OCGA § 16-15-9. But the State has conceded that OCGA § 16-15-9 requires proof of gang association at the time of the other act for the act to be admissible under that rule and has not challenged on appeal the trial court's conclusion that the two acts at issue here are not admissible under OCGA § 16-15-9.

State to show a connection between a gang and the other act. A panel of the Court of Appeals reversed in part and remanded in part. See *McKinney*, 366 Ga. App. at 251. The Court of Appeals agreed with the State that the evidence of criminal gang activity admissible under Rule 418 "is that activity defined in OCGA § 16-15-3." Id. at 257 (2). The Court of Appeals wrote that "[o]n its face, the statute does not require a nexus between a defendant's commission of the predicate act and an intent to further the gang activity[.]" Id. at 257-258 (2). The Court of Appeals concluded that *Rodriguez* had "no bearing on the issue" presented in this case, because *Rodriguez* "was interpreting only the definition of the crime found in OCGA § 16-15-4, not the language found in OCGA § 16-15-3 or Rule 418[,]" and "Rule 418 contains no such language similar to that found in OCGA § 16-15-4[.]" *McKinney*, 366 Ga. App. at 258 (2). The court concluded:

> Given the plain language of Rule 418, the trial court must find, prior to admitting the proffered evidence, that the conduct alleged, if proven, would constitute a violation of one of the listed statutes in OCGA § 16-15-3 or the commission of one of the crimes specified in OCGA § 16-15-3. It does not require the trial court to find any nexus between the alleged conduct and an intent to further gang

6

activity.

Id. The Court of Appeals therefore determined that the trial court erred in excluding the other acts on the basis that they did not fall within Rule 418, although the Court of Appeals remanded for the trial court to consider whether the acts should be excluded under Rule 403. See id. at 258-259 (2)-(3). We granted McKinney's petition for certiorari.

McKinney appears to argue in his brief to this Court that admissibility of evidence under Rule 418 requires a showing that the other act at issue was committed to further the interests of a gang.[2] We disagree.

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citation and punctuation omitted)). "To that end, we must

---

[2] At oral argument, McKinney acknowledged that Rule 418 did not explicitly contain a nexus requirement, but suggested that it was a distinction without a difference because regardless of what Rule 418 required, the evidence would be inadmissible under Rule 403 without such a nexus.

afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." Id. at 172-173 (1) (a) (citations and punctuation omitted).

Starting with the text, Rule 418 by itself contains no requirement of a connection between the other act and gang membership or interests in order for the act to be admissible. Rather, it provides that in gang prosecutions, "evidence of the accused's commission of criminal gang activity, as such term is defined in Code Section 16-15-3, shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-418 (a). OCGA § 16-15-3 defines "criminal gang activity" as a list of specific offenses, stating simply that "'[c]riminal gang activity' means the commission, attempted commission, conspiracy to commit, or the solicitation, coercion, or intimidation of another person to commit" those listed offenses. OCGA § 16-15-3 (1); see also OCGA § 16-15-3 (2). This definition contains no reference to

8

a connection between the offenses and gang association or furthering the interest of a gang.

McKinney argues that the trial court correctly concluded that, consistent with *Rodriguez*, Rule 418 must be construed in the light of both OCGA § 16-15-3 *and* OCGA § 16-15-4. But Rule 418 turns on the definition of "criminal gang activity" found in OCGA § 16-15-3. *Rodriguez*, on the other hand, turned on nexus-creating language in OCGA § 16-15-4 that was at issue there but is not present in OCGA § 16-15-3 or Rule 418. See *Rodriguez*, 284 Ga. at 805-807 (1). *Rodriguez* considered OCGA § 16-15-4 (a), which at the time made it "unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal street gang activity through the commission of any offense enumerated in paragraph (1) of Code Section 16-15-3." The Court noted that "OCGA § 16-15-4 must be read in conjunction with the definitions of 'criminal gang activity' and 'criminal street gang' in OCGA § 16-15-3." *Rodriguez*, 284 Ga. at 805 (1). But of course that was true, given that OCGA § 16-15-4 (a) *used* at least one term, "criminal street

9

gang," that was *defined* in OCGA § 16-15-3.

That does not necessarily mean that the converse is true, i.e., that OCGA § 16-15-3 must be read in the light of OCGA § 16-15-4. *Rodriguez* reasoned that "the use of the verbs 'conduct' and 'participate' confirm that the middle portion of OCGA § 16-15-4 (a) is referring to the 'activity' of the group" and that in the context of the statute "both of these words imply the presence of others who are managed, controlled, led or guided in the 'criminal street gang activity' by the defendant or who take part in or share in that activity with the defendant." 284 Ga. at 806 (1). And the Court said that requiring no showing of a nexus with gang interests in order to secure a conviction under OCGA § 16-15-4 (a) would render "meaningless or redundant" the phrase in the then-existing language of OCGA § 16-15-4 (a), "to conduct or participate in criminal street gang activity[.]" 284 Ga. at 805-806 (1). Limiting the value of *Rodriguez* for the case before us now, these words and phrases in the version of OCGA § 16-15-4 (a) in effect at the time the *Rodriguez* Court construed them do not appear in any form in the

10

OCGA § 16-15-3 definition referenced by Rule 418.[3]

Moreover, Rule 418 by its terms applies to all criminal prosecutions under OCGA § 16-15-4, not just those brought under OCGA § 16-15-4 (a). In addition to OCGA § 16-15-4 (a), OCGA § 16-15-4 contains nine other subsections creating distinct crimes, each defined by unique language. Therefore, the meaning of Rule 418 cannot turn on particular language in OCGA § 16-15-4 (a) — either the version currently in effect, or the version that we construed in *Rodriguez*.

McKinney's only other argument is that construing Rule 418 as not requiring a nexus with gang membership or interests would lead to an absurd result in that it would afford prosecutors virtually

---

[3] We also note that the phrase "to conduct or participate in criminal street gang activity" in OCGA § 16-15-4 (a) was amended the year after *Rodriguez* was decided to delete the word "street" from the phrase "criminal street gang activity," and that subsection now makes it unlawful "to conduct or participate in criminal gang activity[.]" See Ga. L. 2010, pp. 230, 231 § 3. The *Rodriguez* Court had found this former text of OCGA § 16-15-4 significant, noting that the phrase "criminal street gang activity" in OCGA § 16-15-4 (a), was "not identical to the phrase 'criminal gang activity' as defined in OCGA § 16-15-3 (1)." 284 Ga. at 806 (1). No question is presented in this case regarding the continuing validity of *Rodriguez* following this amendment, and nothing in this opinion should be viewed as expressing any opinion on the issue.

11

unchecked power to obtain admission of other criminal acts in gang prosecutions. See *Rodriguez*, 284 Ga. at 805 (1) ("The various provisions of a statute should be viewed in harmony and in a manner which will not produce an unreasonable or absurd result." (citation and punctuation omitted)). "But the fact that an application of clear statutory text produces results that [a litigant or others] may think are unfair or unreasonable does not render the statute nonsensical or 'absurd.'" *Domingue v. Ford Motor Co.*, 314 Ga. 59, 67 (2) (c) n.7 (875 SE2d 720) (2022). And although "this Court may construe statutes to avoid absurd results, . . . we do not have the authority to rewrite statutes," *Riley v. State*, 305 Ga. 163, 168 (3) (824 SE2d 249) (2019), so when the text is plain, we must follow it. And as we have explained, the plain text of Rule 418 cannot be read to require the nexus for which McKinney argues.

Nevertheless, the breadth of Rule 418 is cabined by other rules of evidence. The Court of Appeals remanded the case for the trial court to consider whether evidence of the May 2015 school incident and the February 2016 shooting incident should be excluded under

Rule 403. See *McKinney*, 366 Ga. App. at 258-259 (3). And the State does not dispute that Rule 403 generally applies to evidence otherwise admissible under Rule 418.

Indeed, we have made abundantly clear that "the Rule 403 exclusionary rule generally applies to all evidence even when another provision of the Evidence Code provides that certain evidence 'shall' be admissible." *Wilson v. State*, 312 Ga. 174, 189 (2) (860 SE2d 485) (2021) (citation and punctuation omitted). Such an approach "eliminates due process concerns posed by [other-acts evidence] that might be so prejudicial that the admission of that evidence would violate the defendant's fundamental right to a fair trial." Id. at 189-190 (2). Under Rule 403, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "[O]f course, the trial court must address whether . . . evidence is relevant under OCGA § 24-4-401 before determining whether its probative value (of course,

irrelevant evidence can have no probative value) is substantially outweighed by the danger of unfair prejudice under Rule 403." *State v. Randall*, 318 Ga. 79, 82 (2) n.3 (__ SE2d __) (2024); see also OCGA § 24-4-401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); OCGA § 24-4-402 ("Rule 402") ("Evidence which is not relevant shall not be admissible."). And Rule 418 itself provides that evidence otherwise admissible under that rule may be considered only "for its bearing on any matter to which it is relevant." This case does not call us to decide in the first instance whether particular Rule 418 evidence is properly admitted in the light of Rules 402 and 403. But construing Rule 418 as not itself requiring proof that the other act furthered gang interests does not leave the State with the unfettered ability to admit other acts in prosecutions under Georgia's Gang Act, given the applicability of other Evidence Code provisions.

For these reasons, the Court of Appeals correctly concluded

14

that Rule 418 "does not require the trial court to find any nexus between the alleged conduct and an intent to further gang activity." *McKinney*, 366 Ga. App. at 258 (2). We therefore affirm the judgment of the Court of Appeals and remand the case to that court with instructions that it remand the case to the trial court to consider whether the other acts at issue should be excluded under Rule 403 or any related rules.

*Judgment affirmed. All the Justices concur.*