**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 23, 2025**

# In the Court of Appeals of Georgia

A25A1149. PURDEE v. THE STATE.

RICKMAN, Presiding Judge.

The State filed an accusation against Caleb James Purdee, charging him with one count of possession of methamphetamine. Purdee appeals from the denial of his motion for immunity under the Georgia 9-1-1 Medical Amnesty Law, OCGA § 16-13-5. Purdee argues, inter alia, that the trial court erred when it determined that Purdee was not the subject of a call "seek[ing] medical assistance" as defined under OCGA § 16-13-5, and denied his motion for immunity. For the following reasons, we affirm.

"The burden of proving entitlement to immunity by a preponderance of the evidence falls on the defendant." *State v. Pickens*, 330 Ga. App. 862, 863 (769 SE2d 594) (2015). "On appeal of an order granting or denying a motion for immunity from

prosecution, we review the evidence in the light most favorable to the trial court's ruling, and we accept the trial court's findings with regard to questions of fact and credibility if there is any evidence to support them." (Citation and punctuation omitted.) Id. at 864. "The trial court's application of the law is subject to de novo review." (Citation and punctuation omitted.) Id.

Viewed in the light most favorable to the trial court's ruling, the evidence in the record shows that in August 2020, a gas station employee called 911 to report that Purdee and another person were passed out in a car at a gas pump, and that he believed they had been using drugs. Law enforcement officers were dispatched and understood that they were being dispatched for a suspected overdose. The law enforcement officers found Purdee passed out in the driver's seat of a car at one of the gas pumps. After one of the law enforcement officers woke Purdee up by knocking on the window of the car, Purdee told them that he and his passenger had been asleep. Purdee reported that he had taken drugs hours earlier. A search of Purdee's vehicle revealed a small bag of a crystal-like substance. Purdee was subsequently charged with possessing methamphetamine.

Purdee moved for immunity from prosecution under the Georgia 9-1-1 Medical Amnesty Law. Following a hearing, the trial court denied Purdee's motion.

1. Purdee contends that the trial court erred in denying his motion for immunity on the basis that he was not the subject of a call "seek[ing] medical assistance" as defined under OCGA § 16-13-5 because there is no evidence that the caller provided care to Purdee while awaiting the arrival of medical assistance.

The interpretation of a statute is a question of law, which this Court reviews de novo. *State v. Hammonds*, 325 Ga. App. 815, 815 (755 SE2d 214) (2014).

> When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. . . . [I]f the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

*Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013). And, "when interpreting a statute, all its words must be given due weight; we are forbidden to 'read out' any words in the statute unless a clear reason appears for doing so."

(Citation and punctuation omitted.) *AgSouth Farm Credit v. Gowan Timber Co.*, 336 Ga. App. 581, 589 (2) (b) (i) (784 SE2d 913) (2016). We must, therefore, avoid "a statutory construction that will render some of the statutory language mere surplusage[.]" *Kennedy v. Carlton*, 294 Ga. 576, 578 (2) (757 SE2d 46) (2014).

OCGA § 16-13-5 (b) provides, in pertinent part:

> Any person who is experiencing a drug overdose and, in good faith, seeks medical assistance for himself or herself or is the subject of such a request shall not be arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of such drug violation resulted solely from seeking such medical assistance.

OCGA § 16-13-5 (a) (4) defines "seeks medical assistance" as "accesses or assists in accessing the 9-1-1 system or otherwise contacts or assists in contacting law enforcement or a poison control center and provides care to a person while awaiting the arrival of medical assistance to aid such person."

The only natural and reasonable way to read the statutory language "is the subject of such a request" in OCGA § 16-13-5 (b) is that it refers to a person on whose behalf another person "seeks medical assistance." The use of the word "such" makes it clear that the phrase "such a request" refers back to the phrase "seeks medical

4

assistance" used earlier in the same sentence. And OCGA § 16-13-5 (a) (4) defines "seeks medical assistance" to require providing care to the person experiencing the drug overdose until medical assistance arrives. Thus, under the plain language of OCGA § 16-13-5, for the statute's immunity from prosecution to apply to an overdose victim on whose behalf another person requests medical assistance, the person requesting assistance must "provide[ ] care" to the overdose victim until medical assistance arrives.

*State v. Mercier*, 349 Ga. App. 536 (826 SE2d 422) (2019) (physical precedent only) is the only appellate case addressing immunity under OCGA § 16-13-5. The State's sole enumeration of error in *Mercier* was that the trial court erred in granting the defendant's motion for immunity "because the emergency call was for a suspected hit and run and not a drug overdose . . . ." (Punctuation omitted.) Id. at 538. The majority opinion in *Mercier* did not address whether someone who requests medical assistance for a person experiencing a drug overdose must provide care to that person while waiting for medical assistance to arrive for immunity to be available to the person experiencing the drug overdose.

5

Relying on the special concurrence of Judge Hodges in *Mercier*, Purdee maintains that the plain reading of the statute results in an absurdity because it would require people who contact the 911 system for themselves to provide medical assistance to themselves while awaiting the arrival of medical assistance, and would also require bystanders to provide medical assistance while awaiting emergency responders, putting the distressed individual's immunity in the hands of third parties. See *Mercier*, 349 Ga. App. at 542 (Hodges, J., concurring specially and in the judgment only). We note that the definition of "seeks medical assistance" in OCGA § 16-13-5 (a) (4) requires the person requesting medical assistance to provide "care," not medical assistance. More significantly, "the fact that an application of clear statutory text produces results that [Purdee] or others may think are unfair or unreasonable does not render the statute nonsensical or absurd." (Citation and punctuation omitted.) *McKinney v. State*, 318 Ga. 556, 571 (899 SE2d 121) (2024). "And although this Court may construe statutes to avoid absurd results, we do not have the authority to rewrite statutes, so when the text is plain, we must follow it." (Citation and punctuation omitted.) Id. As written, OCGA § 16-13-5 specifies the circumstances that must exist for a drug overdose victim to be immune from prosecution. The fact that those

6

circumstances are limited does not make OCGA § 16-13-5 absurd. Our General Assembly could have drafted OCGA § 16-13-5 to extend immunity to overdose victims regardless of whether the person requesting medical assistance provides care to the overdose victim, but it did not do so.

Purdee also argues that OCGA § 16-13-5 is ambiguous and that the ambiguity must be construed most strongly against the State, again relying on Judge Hodges's special concurrence in *Mercier*. However, as we concluded above, the only natural and reasonable way to read the phrase "is the subject of such a request" in OCGA § 16-13-5 (b) is that it refers to a person on whose behalf another person "seeks medical assistance." Consequently, the phrase "is the subject of such a request" in OCGA § 16-13-5 (b) is not ambiguous. See *SecureAlert v. Boggs*, 345 Ga. App. 812, 814 (815 SE2d 156) (2018) ("A statute is ambiguous when it is susceptible of more than one natural and reasonable interpretation.") (citation and punctuation omitted.).

The record contains no evidence that the gas station employee provided care to Purdee while waiting for the law enforcement officers to respond. Consequently, the trial court did not err in concluding that the gas station employee did not "seek[ ] medical assistance" on behalf of Purdee as defined in OCGA § 16-13-5 (a) (4) and

that Purdee was not entitled from immunity from prosecution under OCGA § 16-13-5 (b).

2. Given our conclusion in Division 1, we need not address Purdee's other enumerations of error.

*Judgment affirmed. Gobeil and Davis, JJ., concur.*