**FIRST DIVISION**
**BARNES, P. J.,**
**MARKLE and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

**April 28, 2026**

# In the Court of Appeals of Georgia

A26A0027. WHITE v. THE STATE.

MARKLE, Judge.

The State charged William Bernard White with a single count of possession of fentanyl. He now appeals from the trial court's denial of his plea in bar, asserting his immunity under the Georgia 9-1-1 Medical Amnesty Law, OCGA § 16-13-5. For the reasons that follow, we affirm the trial court's judgment.

The burden of proving entitlement to immunity by a preponderance of the evidence falls on the defendant. On appeal of an order granting or denying a motion for immunity from prosecution, we review the evidence in the light most favorable to the trial court's ruling, and we accept the trial court's findings with regard to questions of fact and credibility if there is any evidence to support them. The trial court's application of the law is subject to de novo appellate review.

*Purdee v. State*, 376 Ga. App. 836, 837 (921 SE2d 88) (2025) (citation modified).

So viewed, the record shows that, late one night in March 2022, a law enforcement officer responded to a 911 call that a vehicle was stopped in a turning lane with an unconscious driver at the wheel. The officer was able to wake the driver, who identified himself as White. Paramedics evaluated White and confirmed that he was not having a medical emergency, and then left the scene. The officer noted White was disoriented, and his eyes were bloodshot and glassy, but detected no odor of alcohol or any other signs of impairment. White claimed he suffered from narcolepsy and that he had taken Xanax two days earlier. The officer ran White's license and discovered an outstanding warrant for a probation violation. After confirming the warrant, the officer arrested White. And, upon searching him, the officer recovered a small bag containing white powder that was later identified as fentanyl.

White was charged with possession of a controlled substance, pursuant to OCGA § 16-13-30(a). He filed his plea in bar, asserting his immunity from prosecution because he was the subject of a call for medical assistance related to a drug overdose, pursuant to OCGA § 16-13-5. Following a hearing, the trial court denied White's

request for immunity.[1] White filed his application for interlocutory appeal, which we granted, and this appeal followed.

In related enumerations of error, White contends the trial court erred by misconstruing OCGA § 16-13-5, and concluding that he was not entitled to the protections under that statute because the drug charge did not arise solely from the call for medical assistance. We disagree.

Our review of the interpretation of a statute is de novo. *Purdee*, 376 Ga. App. at 837(1). And,

> [w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end. And, when interpreting a statute, all its words must be given due weight; we are forbidden to "read out" any words in the statute unless a clear reason appears for doing so.

---

[1] At the hearing, the parties stipulated to the evidence, including the officer's body-cam recording, the transcript of the 911 call placed by the concerned citizen, and the officer's written report.

We must, therefore, avoid a statutory construction that will render some of the statutory language mere surplusage.

Id. at 837-838(1) (citation modified).

Relevant to the case at hand, OCGA § 16-13-5(b) (2014) provides:

Any person who is experiencing a drug overdose and, in good faith, seeks medical assistance for himself or herself or is the subject of such a request shall not be arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of such drug violation resulted solely from seeking such medical assistance.[2]

White contends that the term "solely" in the above Code section is ambiguous, and must be strictly construed against the State. See *Hale v. State*, 262 Ga. App. 710,

---

[2] The statute defines a drug overdose as "an acute condition, including, but not limited to, ... decreased level of consciousness ... resulting from the consumption or use of a controlled substance or dangerous drug by the distressed individual ... or that a reasonable person would believe to be resulting from the consumption or use of a controlled substance or dangerous drug." OCGA § 16-13-5(a)(1). Medical assistance is defined as "aid provided to a person by a health care professional licensed, registered, or certified under the laws of this state who, acting within his or her lawful scope of practice, may provide diagnosis, treatment, or emergency medical services." OCGA § 16-13-5(a)(3). And the phrase "seeks medical assistance" is defined as "accesses or assists in accessing the 9-1-1 system or otherwise contacts or assists in contacting law enforcement or a poison control center and provides care to a person while awaiting the arrival of medical assistance to aid such person." OCGA § 16-13-5(a)(4).

711 (586 SE2d 372) (2003). He thus insists that OCGA § 16-13-5(b) must be read to signify that there can be no intervening or subsequent cause to authorize a search that may then lead to a drug charge if the initial cause for police presence is responding to an overdose.

But this interpretation does not conform to a natural and reasonable reading of OCGA § 16-13-5(b). See *Purdee*, 376 Ga. App. at 837-838(1). Read in this way, "solely" modifies the term "resulted" in the phrase "resulted solely from seeking such medical assistance." OCGA § 16-13-5(b). See *Thornton v. State*, 310 Ga. 460, 467(3) (851 SE2d 564) (2020) ("a qualifying phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows."(citation omitted)). Contrary to White's expansive reading of this section, when properly construed, OCGA § 16-13-5(b) limits its protection to only *one* instance: when the incriminating evidence is the fruit of the call for help. See *Solely*, https://www.merriam-webster.com/dictionary/solely (last accessed April 2, 2026) ("to the exclusion of all else"). In so limiting the origin of the evidence, the statute necessarily contemplates there may be any number of circumstances resulting in the recovery of incriminating evidence to which immunity would not apply. And, under

the present circumstances, there is evidence to support the trial court's finding that the fentanyl was the fruit of the outstanding arrest warrant — not of the seeking of medical assistance.[3]

This construction aligns with the text of OCGA § 16-13-5(c), which provides:

> Nothing in this Code section shall be construed to limit the admissibility of any evidence in connection with the investigation or prosecution of a crime with regard to a defendant who does not qualify for the protections of subsection (b) of this Code section *or with regard to other crimes* committed by a person who otherwise qualifies for protection pursuant to subsection (b) of this Code section.

(Emphasis added.) See also *Jordan v. State*, 223 Ga. App. 176, 181(2) (477 SE2d 583) (1996) ("Where possible, effect is to be given to all the words of a statute, and it is firmly established that courts should not interpret a statute so as to render parts of it surplusage or meaningless."); *Purdee*, 376 Ga. App. at 838(1). Here, White had committed another crime — a parole violation. Incident to his arrest *for that crime*, the

---

[3] White's reliance on *State v. Mercier*, 349 Ga. App. 536 (826 SE2d 422) (2019) (physical precedent only), is unpersuasive as that case is distinguishable. There, the drug charge unquestionably arose from law enforcement's search of the defendant's vehicle in the course of responding to calls for medical assistance — with no intervening events. Id. at 537-540. Thus, the term "resulted *solely* from seeking such medical assistance" was not at issue. OCGA § 16-13-5(b) (emphasis added).

6

officer's search revealed the narcotics in White's pocket. Thus, White was not entitled to immunity under OCGA § 16-13-5(b) or (c).

*Judgment affirmed. Barnes, P. J., and Hodges, J., concur.*