315 Ga. 198
FINAL COPY

S22A0664. THE STATE v. RANDALL.

ELLINGTON, Justice.

Antonio Randall stands accused in the State Court of Athens-Clarke County of driving under the influence of alcohol to the extent that it was less safe for him to drive, OCGA § 40-6-391 (a) (1), and other traffic offenses. The trial court granted Randall's motion to suppress evidence of his refusal to submit to a warrantless blood test on the ground that Georgia's implied consent statutes violate a DUI defendant's due process rights by allowing blood test refusal evidence to be admitted against the defendant at trial. The State appealed.[1]

On appeal, the parties are in agreement that the evidence is admissible for the limited purpose of explaining the absence of

---

[1] Provided specified procedural requirements are satisfied, as they were here, "[a]n appeal may be taken by and on behalf of the State of Georgia from the superior courts . . . [f]rom an order, decision, or judgment excluding any . . . evidence to be used by the state at trial[.]" OCGA § 5-7-1 (a) (5).

evidence of blood test results. Consequently, it was not necessary for the trial court to consider in this case whether admitting blood test refusal evidence for other purposes against DUI defendants is constitutional. Because a trial court should consider a challenge to the constitutionality of a statute only when necessary to resolve the merits of the case at bar, we vacate the trial court's order granting Randall's motion to suppress.

The material facts, as developed at the hearing on Randall's motion to suppress, are undisputed. On April 6, 2021, an Athens-Clarke County police officer initiated a traffic stop after observing Randall's vehicle failing to maintain its lane while traveling on College Station Road. During the traffic stop, the officer smelled the odor of alcohol when Randall spoke to him and observed that Randall had glassy eyes and difficulty with balance when he exited the vehicle. The officer arrested Randall for DUI, read Randall the statutory implied consent notice for drivers aged 21 years and over,[2] and requested that Randall submit to a blood test. Randall refused

_____

[2] See OCGA §§ 40-5-55 (a); 40-5-67.1 (b) (2).

2

to submit to a blood test, and no test was performed.

In Randall's brief in support of his motion to suppress in the trial court, he argued that using a defendant's exercise of his right to refuse a warrantless search against him at trial as evidence of consciousness of guilt constitutes punishment for exercising a plainly available constitutional right and thereby violates a defendant's due process rights under the United States Constitution and the Georgia Constitution. After a hearing, the trial court granted in part Randall's motion to suppress and excluded any evidence of his refusal to consent to the requested blood test.[3] The trial court reasoned that,

> [t]o the extent that OCGA § 40-5-67.1 informs a person that refusing to submit to blood testing may be offered as evidence against them at trial, it needlessly and unnecessarily chills a defendant's exercise of the constitutional right to refuse a warrantless search. To the extent that OCGA § 40-6-392 (d) allows that evidence to be admitted at trial, it impermissibly and unduly burdens a defendant's exercise of the right to refuse warrantless blood testing. Therefore, to that extent, OCGA § 40-5-67.1 and OCGA § 40-6-392 (d) violate a defendant's due

---

[3] The trial court denied Randall's motion to suppress evidence gathered during the traffic stop other than his refusal of the requested breath test.

3

process rights guaranteed by both the United States and Georgia Constitutions.[4]

1. On the admissibility of blood test refusal evidence, the State asserts on appeal that the public is broadly aware of DUI investigation procedures and expects that blood alcohol testing is done in every DUI case. The State maintains that its purpose in introducing evidence that Randall refused a blood test is to explain to the jury why the State is not offering test results into evidence.[5]

---

[4] Both sections provide that blood test refusal evidence is admissible against a defendant at trial. See OCGA §§ 40-5-67.1 (b) (If a statutory implied consent notice "is used by a law enforcement officer to advise a person of his or her rights regarding the administration of chemical testing, . . . the refusal to submit to a test of such person's blood . . . shall be admitted into evidence against such person."); 40-6-392 (d) ("In any criminal trial, the refusal of the defendant to permit a chemical analysis to be made of his blood . . . at the time of his arrest shall be admissible in evidence against him.").

[5] See *Wessels v. State*, 169 Ga. App. 246 (312 SE2d 361) (1983). In *Wessels*, the Court of Appeals held that there was then no statutory bar to the admission of refusal evidence. The court noted that

> the danger to the public safety posed by the drunk driver has been repeatedly and intensely brought to the awareness of the citizens of Georgia, through the media as well as through . . . statutes [enacted in 1983] providing for stricter enforcement of [DUI] laws and harsher punishment for their infraction. As a result, the public is generally aware of the standard procedures attendant to arrest for this offense, i.e., that chemical tests are administered by law enforcement authorities to ascertain the suspect's level of intoxication. It logically follows that in a trial for the offense of [DUI], where the state produces no evidence of such test results,

4

Randall, on the other hand, challenges the admissibility of test refusal evidence broadly as substantive evidence of guilt, that is, evidence of "guilty knowledge" and "consciousness of guilt." In Randall's brief on appeal, he states that he does not argue that *all* evidentiary consequences of refusing a blood test are unconstitutional, pointing to a Virginia statute providing that a DUI suspect's unreasonable refusal to permit a blood or breath test shall be admissible into evidence for the sole purpose of explaining the absence at trial of a chemical test and not as evidence of the defendant's guilt.[6]

---

the inference raised in the minds of the jurors is that the defendant submitted to the test which resulted in a reading lower than that deemed to show intoxication. To the extent of negation of this inference, evidence of refusal to take the test is indeed relevant and admissible. Further, the defendant may in the course of trial offer explanation for such refusal.

Id. at 247 (2) (citation omitted).

[6] Va. Code Ann. § 18.2-268.10 (C) provides:

Evidence of a finding against the defendant under § 18.2-268.3 for his unreasonable refusal to permit a blood or breath sample to be taken to determine the alcohol or drug content of his blood shall be admissible into evidence, upon the motion of the Commonwealth or the defendant, for the sole purpose of explaining the absence at trial of a chemical test of such sample. When admitted pursuant to this subsection such evidence shall not be considered evidence of the accused's guilt.

"Properly enacted statutes carry a presumption of constitutional validity, and inquiry into the constitutionality of a statute generally should not be made by the trial courts if a decision on the merits can be reached without doing so." *State v. Brannan*, 267 Ga. 315, 317 (477 SE2d 575) (1996) (citation omitted). Here, the parties' briefing in the trial court led the trial court to issue a ruling on the merits of Randall's argument that, to the extent that OCGA §§ 40-5-67.1 (b) and 40-6-392 (d) allow for the introduction of evidence against an accused in a DUI prosecution, they violate state and federal due process guarantees. But clarification of the parties' positions in appellate argument has made the constitutional ruling by the trial court on the admissibility of blood test refusal evidence unnecessary. The trial court's order is vacated in this respect. We emphasize that, in vacating the trial court's ruling in this case, we express no opinion about the important and difficult constitutional questions that remain unresolved.

---

See Va. Code Ann. § 18.2-268.3 (establishing a civil offense of unreasonable blood or breath test refusal).

Through these proceedings, the State has restricted itself to using refusal evidence in this case only for the limited purpose of explaining the absence of test results. Thus, the State may not seek a jury instruction authorizing the jury to draw any other inference from Randall's blood test refusal.[7] Whether Randall will wish to have the jury instructed regarding the limited purpose for which

---

[7] The pattern instruction, which is frequently given, provides:

> A person accused of driving under the influence of alcohol to the extent that he/she was less safe has the right to refuse to submit to (field sobriety exercises) (an Alco-Sensor) (chemical tests of his/her blood, breath, or urine) requested by the law enforcement officer.
>
> Should you find that the defendant refused to take the requested test, you may infer that the test would have shown the presence of (alcohol) (drugs), though not that the (alcohol) (drugs) impaired his/her driving. Whether or not you draw such an inference is for you to determine.
>
> This inference may be rebutted.
>
> The inference alone is not sufficient to convict the defendant.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 2.84.21 (4th ed., 2022). See *State v. Frost*, 297 Ga. 296, 304-305 (773 SE2d 700) (2015) (A trier of fact may infer from a defendant's refusal of a chemical test that, if the accused had submitted to the test, it would have shown some presence of an intoxicant.); *Taylor v. State*, 278 Ga. App. 181, 183-184 (3) (628 SE2d 611) (2006) (holding no error resulted from the argument that the defendant refused the requested chemical test because she was conscious of her impairment or guilt); *Kelly v. State*, 242 Ga. App. 30, 34 (5) (528 SE2d 812) (2000) (concluding it was not unreasonable to infer from a DUI suspect's refusal to submit to a State-administered test to determine her blood alcohol content that "her refusal stemmed from a fear that the results would be unfavorable — i.e., that she was conscious of her impairment or guilt").

refusal evidence is admitted is an issue the trial court will take up at the proper time.

2. As noted above, in addition to ruling on the constitutionality of admitting blood test refusal evidence against a defendant, the trial court ruled that, to the extent that the implied consent notices set out in OCGA § 40-5-67.1 (b) inform a person that refusing to submit to blood testing may be offered as evidence against him at trial, OCGA § 40-5-67.1 (b) needlessly and unnecessarily chills a defendant's exercise of the constitutional right to refuse a warrantless search.[8] Although Randall challenged the

---

[8] OCGA § 40-5-67.1 (b) provides: "At the time a chemical test or tests are requested [of a person suspected of DUI], the arresting officer shall select and read to the person the appropriate implied consent notice" set out in the Code section. For suspects aged 21 or over, the notice reads:

> The State of Georgia has conditioned your privilege to drive upon the highways of this state upon your submission to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to blood or urine testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year.

constitutionality of OCGA § 40-5-67.1 (b) in the trial court on the grounds that allowing admission of his refusal to submit to the blood test to show consciousness of guilt violated his constitutional rights, see Division 1, supra, Randall did not challenge the statute on the basis that the text of the implied consent notices chills a defendant's exercise of the constitutional right to refuse a warrantless search. The trial court should not have expanded the scope of its review of the constitutionality of the statute, beyond that raised by the challenger himself. See *Brannan*, 267 Ga. at 317. Accordingly, the trial court's ruling on that issue is also vacated.

*Judgment vacated. All the Justices concur.*

---

    After first submitting to the requested state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (<u>designate which test</u>)?

OCGA § 40-5-67.1 (b) (2).

Decided October 25, 2022 — Reconsideration denied November 17, 2022.

Implied consent; constitutional question. Clarke State Court. Before Judge Auslander.

*Deborah Gonzalez, District Attorney; Carroll R. Chisholm, Jr., Solicitor-General, William W. Fleenor, Ethan M. Makin, Landon M. Fogle, Assistant Solicitors-General; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Daniels & Rothman, Jeffrey A. Rothman, Anna G. Bolden*, for appellee.

*Robert W. Smith, Jr., Bradford L. Rigby, District Attorney, C. Todd Hayes, Solicitor-General; Clark & Towne, David E. Clark, Peters Rubin Sheffield & Hodges, Jason B. Sheffield, Willis Law Firm, Greg A. Willis*, amici curiae.