318 Ga. 79
FINAL COPY

S23A1118. THE STATE v. RANDALL.

BETHEL, Justice.

This criminal appeal — brought by the State[1] from the grant of Antonio Rodrick Randall's motion to suppress evidence of his refusal to submit to a blood test after his arrest for driving under the influence — is the second appearance of this case before this Court. In *State v. Randall*, 315 Ga. 198 (880 SE2d 134) (2022) ("*Randall I*"), this Court vacated the trial court's order suppressing the same evidence at issue in this case based on our conclusion that the court unnecessarily resolved Randall's constitutional challenge to the admissibility of blood test refusal evidence and to OCGA § 40-5-67.1 (b). 315 Ga. at 200-202 (1), (2). On remand, the trial court again suppressed evidence of Randall's refusal to consent to a blood test on constitutional grounds, a ruling that the State again disputes.

However, we need not determine the correctness of that ruling,

---

[1] See OCGA § 5-7-1 (a) (5).

at least at this point in the case, because the trial court first should have evaluated Randall's argument that exclusion of the evidence was warranted under OCGA § 24-4-403 ("Rule 403") before reaching his constitutional claims. Accordingly, we vacate the trial court's order on Randall's motion to suppress and remand the case for proceedings consistent with this opinion.

1. *Case history.*

We recounted the material facts of this case in *Randall I*:

> On April 6, 2021, an Athens-Clarke County police officer initiated a traffic stop after observing Randall's vehicle failing to maintain its lane while traveling on College Station Road. During the traffic stop, the officer smelled the odor of alcohol when Randall spoke to him and observed that Randall had glassy eyes and difficulty with balance when he exited the vehicle. The officer arrested Randall for DUI, read Randall the statutory implied consent notice for drivers aged 21 years and over, and requested that Randall submit to a blood test. Randall refused to submit to a blood test, and no test was performed.

(Citation omitted.) 315 Ga. at 198.

Randall moved to suppress evidence of his refusal to consent to the blood test, arguing that the admission of evidence of his

2

exercising his constitutional right to refuse a blood test violated his due process rights under the federal and state Constitutions. Randall further argued that, to the extent OCGA §§ 40-5-67.1 (b) and 40-6-392 (d), the implied consent statutes, allow the introduction of such evidence, they also violate due process. The trial court agreed and ordered suppressed evidence of Randall's refusal to consent to a blood test. But the trial court did not confine its analysis to the arguments actually raised by Randall and went on to conclude that the implied consent statutes have a chilling effect on a defendant's exercise of his constitutional right to refuse a warrantless search, impermissibly and unduly burden a defendant's exercise of his right to refuse warrantless blood testing, and violate a defendant's due process rights under the United States and Georgia Constitutions. See 315 Ga. at 199.

The State appealed, and in *Randall I*, this Court vacated the trial court's order. Because the parties had agreed that evidence of Randall's refusal to take the blood test was admissible for the limited purpose of explaining the absence of blood test results, we

held that "the constitutional ruling by the trial court on the admissibility of blood test refusal evidence [was] unnecessary." 315 Ga. at 200-201 (1). We also held that, because Randall did not challenge the constitutionality of OCGA § 40-5-67.1 (b) on the basis that it chilled his right to refuse a warrantless search, the trial court erred by expanding the scope of its review to the constitutionality of the statute. Id. at 201-202 (2).

After the case returned to the trial court, Randall filed an amended motion to suppress, again arguing that admission of evidence that he exercised his constitutional right to refuse the state-administered blood test violates due process, that the implied consent statutes also violate due process to the extent they permit the introduction of such evidence, and that the implied consent statutes impermissibly burdened and chilled his constitutional rights. Randall also argued that evidence of his refusal was more prejudicial than probative. While his argument did not expressly invoke OCGA § 24-4-403, it did necessarily implicate those statutory principles. See Rule 403 ("Relevant evidence may be excluded if its

4

probative value is substantially outweighed by the danger of unfair prejudice . . . .”). Following a hearing, the trial court granted Randall's amended motion. As an initial matter, in ruling on Randall's amended motion, the trial court found that the parties did not agree that evidence of Randall's refusal of the blood test was admissible to explain the absence of a test result as we determined they had with respect to the prior motion to suppress in *Randall I*. Then, employing the same reasoning verbatim as in its first suppression order, see *Randall I*, 315 Ga. at 199, the trial court held:

> To the extent that OCGA § 40-5-67.1 informs a person that refusing to submit to blood testing may be offered as evidence against them at trial, it needlessly and unnecessarily chills a defendant's exercise of the constitutional right to refuse a warrantless search. To the extent that OCGA § 40-6-392 (d) allows that evidence to be admitted at trial, it impermissibly and unduly burdens a defendant's exercise of the right to refuse warrantless blood testing. Therefore, to that extent, OCGA § 40-5-67.1 and [OCGA] § 40-6-392 (d) violate a defendant's due process rights guaranteed by both the United States and Georgia Constitutions.

The trial court expressly noted that, in light of its ruling on the constitutional issues, it would not address Randall's argument made

5

pursuant to Rule 403 that evidence of his refusal to consent was more prejudicial than probative. The State now appeals.

2. *Analysis.*

As they did in the trial court, the parties focus their arguments on the thorny and unresolved issues of constitutional law raised in Randall's amended motion to suppress and the trial court's ruling on that motion.[2] But, as we discuss below, it is not necessary for us to reach those issues.

Generally speaking, this Court will not reach novel constitutional questions when a case can be resolved without passing on such issues. See *Randall I*, 315 Ga. at 200 (1) ("Properly enacted statutes carry a presumption of constitutional validity, and inquiry into the constitutionality of a statute generally should not be made by the trial courts if a decision on the merits can be reached

---

[2] Randall also argues that the law of the case prohibits the State from arguing that evidence of his refusal is admissible for the purpose of creating an inference of guilt, and that the State abandoned its argument that evidence of the refusal is admissible for the limited purpose of explaining the absence of a blood test. However, because of our holding here, we need not address these arguments.

without doing so.") (citation and punctuation omitted). Indeed, it is well settled that

> [w]e do not unnecessarily decide the constitutionality of statutes. As early as 1884, we recognized that principles underlying the separation of powers should also limit occasions on which we determine whether statutes violate the Georgia Constitution to those where such a decision was truly necessary. Comity to a co-ordinate department of the government requires, according to many decisions of this and other courts, that causes shall not be disposed of upon constitutional grounds when it is possible to avoid such questions, without a sacrifice of the rights of parties. And it is especially so in cases where the constitutional merits are important, novel, and difficult.

*In the Interest of C. C.*, 314 Ga. 446, 451-452 (2) (a) (877 SE2d 555) (2022) (citations and punctuation omitted). So too in this case.

As discussed above, in his amended motion to suppress, Randall not only presented constitutional arguments in support of suppression but also asserted that suppression was warranted because evidence of his refusal to consent to the blood test was more prejudicial than probative. And although Randall's amended motion did not expressly invoke Rule 403, his argument necessarily

7

implicates those principles.[3] The trial court, though, did not resolve this evidentiary argument and instead proceeded to rule on Randall's constitutional claims. But Randall's argument "presents a threshold issue of constitutional avoidance" because if evidence of his refusal to consent to the blood test is due to be excluded as more prejudicial than probative, there will be "no occasion to reach the merits of his constitutional claim." *State v. Mondor*, 306 Ga. 338, 344-345 (2) (830 SE2d 206) (2019). Thus, rather than "jumping straight to the constitutional question[,] [t]he trial court should have resolved the statutory question first." *Deal v. Coleman*, 294 Ga. 170, 171 (1) n.7 (751 SE2d 337) (2013).

Given the current posture of this case, we conclude that the

---

[3] In his supplemental brief before this Court, Randall also argues that evidence of his refusal is not relevant and therefore should not be subject to a Rule 403 balancing test. Of course, the trial court must address whether such evidence is relevant under OCGA § 24-4-401 before determining whether its probative value (of course, irrelevant evidence can have no probative value) is substantially outweighed by the danger of unfair prejudice under Rule 403. See *Wilson v. State*, 315 Ga. 728, 738 (8) (883 SE2d 802) (2023) (noting that "relevant evidence is admissible even if it has only slight probative value," but that "[r]elevant evidence may nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." (citations and punctuation omitted)). And because that question is reserved at least in the first instance to the trial court, we express no opinion on the matter.

trial court's order must be vacated and that remand is necessary. Because "[t]he application of the Rule 403 test is a matter committed principally to the discretion of the trial courts," *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016), we do not reach the merits of that issue in the first instance. And because Randall's Rule 403 argument presents a basis on which his motion to suppress may be resolved without reaching his constitutional claims, we decline to resolve those claims at this juncture.[4] See *In the Interest of C. C.*, 314 Ga. at 451-455 (2) (a) (declining to address constitutional challenge to statute before lower court had "properly addressed [a] preliminary question" relevant to petitioners' standing to raise constitutional challenge and remanding case for lower court to apply correct standard to that "threshold inquiry"). Accordingly, we vacate the order of the trial court and remand the case for the court to rule on Randall's statutory argument.

---

[4] Of course, if the trial court determines that Rule 403 — or some other statutory rule of evidence — does not require suppression of the evidence at issue, it then must proceed to consideration of Randall's constitutional claims, to the extent they were properly preserved.

*Judgment vacated and case remanded. All the Justices concur.*

Decided January 17, 2024.

Implied consent; constitutional question. Clarke State Court. Before Judge Auslander.

*William W. Fleenor, Solicitor-General, Eric M. Whitmore, Ethan M. Makin, Assistant Solicitors-General; Deborah Gonzales, District Attorney; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Clint C. Malcolm, Meghan H. Hill, Senior Assistant Attorneys General*, for appellant.

*Daniels & Rothman, Jeffrey A. Rothman, Anna G. Bolden*, for appellee.

*J. Ryan Brown Law, Hunter J. Rodgers; Willis Law Firm, Greg A. Willis, Jessica Jones, Casey A. Cleaver*, amici curiae.