# Court of Appeals
# of the State of Georgia

ATLANTA,  July 18, 2024

*The Court of Appeals hereby passes the following order:*

**A24A0795. THE STATE v. DIAS.**

In the above-referenced case, the State appeals the trial court's grant of Christine Dias's motion to suppress evidence of her refusal to submit to a state-administered blood test following her DUI arrest. The trial court, contending that there is no precedent on this precise issue and relying on similar cases involving a defendant's refusal to submit to a state-administered *breath* test, ruled that admitting such evidence would violate Dias's constitutional rights under the Fourth and Fifth Amendments to the United States Constitution, as well as the Georgia Constitution's protection against self incrimination.[1]

Although the State appealed to this Court, the Supreme Court of Georgia has exclusive jurisdiction over "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question."[2] Nevertheless, our Supreme

---

[1] *See* U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); U.S. Const. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."); Ga. Const. Art. I, Sec. I, Par. XVI ("No person shall be compelled to give testimony tending in any manner to be self-incriminating.").

[2] *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (2) (788 SE2d 405) (2016) (punctuation omitted); *accord Fox v. Norfolk S. Corp.*, 342 Ga. App. 38, 43 (1) (802 SE2d 319) (2017).

Court has

> interpreted this jurisdictional provision to extend only to constitutional issues . . . that do not involve the application of unquestioned and unambiguous constitutional provisions or challenges to laws previously held to be constitutional against the same attack.[3]

Put another way, our Supreme Court has held that

> [t]he Court of Appeals has limited jurisdiction to review constitutional questions. It has jurisdiction over cases that involve the application, in a general sense, of *unquestioned and unambiguous provisions of the Constitution* to a given state of facts and that do not involve construction of some constitutional provision directly in question and doubtful either under its own terms or under the decisions of the Supreme Court of Georgia or the Supreme Court of the United States.[4]

Finally, the Supreme Court of Georgia "will never pass upon constitutional questions unless it clearly appears in the record that the point was directly and properly made in the [trial] court below and distinctly passed upon by the trial judge."[5]

As an initial matter, in its order, the trial court directly and distinctly ruled on the constitutional question at issue, finding that admission of Dias's refusal to submit to a state-administered blood test would violate her constitutional right against self-incrimination. Additionally, the trial court ruled that OCGA § 40-6-392 (d) is unconstitutional as applied to the admissibility of a defendant's refusal to submit to a state-administered blood test. That statute provides: "In any criminal trial, the

---

[3] *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018) (punctuation omitted).

[4] *Id.* at 687-88 (1) (emphasis supplied); *accord City of Decatur v. DeKalb Cnty.*, 284 Ga. 434, 436 (2) (668 SE2d 247) (2008).

[5] *Nathans v. Diamond*, 282 Ga. 804, 807-08 (2) (654 SE2d 121) (2007) (punctuation omitted).

refusal of the defendant to permit a chemical analysis to be made of his blood, breath, urine, or other bodily substance at the time of his arrest shall be admissible in evidence against him."

According to the trial court, there is no precedent on this particular issue,[6] so it relied on similar cases involving state-administered *breath tests*.[7] Indeed, the trial court primarily relied on *Olevik v. State*,[8] which held that "Georgia's Constitution's right against self-incrimination applies to breath tests."[9] And even though blood testing was not at issue in the case, the *Olevik* Court noted that "Georgians . . . have

---

[6] As recently as 2020, this Court noted that, while a defendant's refusal to submit to a breath test is inadmissible at trial, "neither the United States Supreme Court nor the Supreme Court of Georgia have found admission of a refusal to consent to blood testing to implicate the right against self-incrimination." *State v. Johnson*, 354 Ga. App. 447, 456 (1) (b) (841 SE2d 91) (2020). But while the *Johnson* Court concluded that "evidence of [the defendant's] refusal of [a] blood test is admissible[,]" *id.* at 447, the case also involved the defendant's refusal to take a breath test, and it noted that the Supreme Court determined that this Court had jurisdiction over the matter based solely on its decision in *Elliott v. State*, 305 Ga. 179 (824 SE2d 265) (2019)—a case that did *not* involve the refusal of a *blood* test. *See Johnson*, 354 Ga. App. at 447; *Elliott*, 305 Ga. at 180 (addressing whether the refusal of a state-administered breath test is admissible at trial). Given that *Elliott* only involved a breath test and *Johnson* is not a Supreme Court decision, for the reasons stated below, this case is being transferred to that Court out of an abundance of caution.

[7] In addition to breath-test cases, the trial court cited *Williams v. State*, 296 Ga. 817 (771 SE2d 373) (2015), which involved a defendant who *consented* to blood and urine tests following his DUI arrest. *See Williams*, 296 Ga. at 818-19. And the analysis in that case "focus[ed] on the *voluntary consent* exception to the *warrant requirement* because it is well settled in the context of a DUI blood draw that a valid consent to a search eliminates the need for either probable cause or a search warrant." *Id.* at 821 (emphasis supplied). Thus, *Williams* did not address whether a *refusal* to submit to a blood test is admissible evidence.

[8] 302 Ga. 228 (806 SE2d 505) (2017).

[9] *Id.* at 231 (2) (a).

a constitutional *right to refuse* to consent to warrantless blood tests, absent some other exception to the warrant requirement."[10] But significantly, the defendant in *Olevik* *only* refused to submit to the breath test, arguing that the results of the test, not the refusal, were inadmissible.[11] So, arguably, any discussion of blood testing in *Olevik* could be considered non-binding dicta.[12]

Finally, in *Randall v. State*,[13] although the Supreme Court of Georgia did not reach the specific question before us because it remanded the case to the trial court due to other issues, it exercised jurisdiction two times over a case presenting the constitutional question of whether the admission of a defendant's refusal to submit to a blood test violated his rights under the federal and state constitutions.[14] And in remanding one of those cases to the trial court, our Supreme Court stated, "[w]e

---

[10] *Id.* at 233 (2) (a) (emphasis supplied).

[11] *See id.* at 228-29.

[12] *See Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) ("[W]e are not bound to follow our dicta in a prior case [where] the point now at issue was not fully debated." (punctuation omitted)).

[13] 318 Ga. 79 (897 SE2d 444) (2024) ("*Randall II*"); 315 Ga. 198 (880 SE2d 134) (2022) ("*Randall I*").

[14] *See Randall II*, 318 Ga. at 79 (exercising jurisdiction over a case in which the trial court held that admission of a defendant's refusal to submit to a blood test violated his rights under the United States and Georgia Constitutions, but remanding the case to the trial court to address the admissibility of such evidence under OCGA § 24-4-403); *Randall I,* 315 Ga. at 198-99 (exercising jurisdiction over a case in which the State challenged the trial court's grant of the defendant's motion to dismiss evidence of his refusal to submit to a blood test, but finding that ruling on the issue was unnecessary). The notices of appeal in both of the foregoing cases, one of which was filed as recently as 2023, asserted that the Supreme Court of Georgia had jurisdiction over the cases, rather than this Court, because "the constitutionality of a law ha[d] been drawn in question by the order of the trial court." And the Supreme Court apparently agreed.

emphasize that, in vacating the trial court's ruling in this case, we express no opinion about the *important and difficult* constitutional questions that remain *unresolved*."[15]

Given the uncertainty as to whether this Court has jurisdiction over the specific constitutional question at issue involving the admissibility of a defendant's refusal to submit to a blood test, rather than a breath test, we transfer this case to the Supreme Court of Georgia.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/18/2024

   I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

   Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*

---

[15] *Randall I*, 315 Ga. at 200 (1) (emphasis supplied).