**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: October 21, 2025

S25G0367. TUSSAHAW RESERVES, LLC et al. v. BUTTS COUNTY.

WARREN, Presiding Justice.

The Butts County superior court granted Butts County's motion to dismiss a lawsuit filed by Tussahaw Reserves, LLC and Keys Ferry Crossing, LLC (collectively, "Tussahaw") on the basis that Tussahaw's complaint failed to comply with Article I, Section II, Paragraph V(b)(2) of the Georgia Constitution, which says, as pertinent here, that "[a]ctions filed pursuant to [Paragraph V] against any county … or officer or employee thereof shall be brought exclusively against such county … and in the name of such county." The Court of Appeals affirmed the dismissal in *Tussahaw Reserves, LLC v. Butts County*, 373 Ga. App. 322 (2024), and we granted

Tussahaw's petition for certiorari to review that decision.[1]  For the reasons explained below, we vacate the Court of Appeals's opinion and remand the case for that court to remand the case to the superior court, with the direction that the superior court vacate its order dismissing the lawsuit.

1. As alleged in Tussahaw's complaint, Tussahaw owned two parcels of land in Butts County that were zoned for agricultural and residential use.  In October 2020, Tussahaw filed applications to rezone the property for use as a rock quarry.  The Butts County Board of Commissioners ultimately denied the applications in February 2021.

About a month later, Tussahaw filed in the Butts County superior court an "Appeal and Petition for Writ of Certiorari and Verified Complaint," challenging the Board's rezoning denial.  The case caption listed Tussahaw as "Petitioners-in-Certiorari/Plaintiffs"; the Board and its members in their official capacities as "Respondents-in-Certiorari"; and the County as

_____

[1] The case was orally argued on September 16, 2025.

2

"Defendant-in-Certiorari (opposite party)" and "Defendant." The complaint alleged one count seeking a writ of certiorari (under the certiorari statutes that applied at the time, OCGA § 5-4-1 (2020) et seq.[2]) against the Board and its members in their official capacities as "Respondents-in-Certiorari" and the County as "Defendant-in-Certiorari (opposite party)." The remaining counts, which were alleged alternatively to the certiorari count, sought declaratory and injunctive relief against only the County as "Defendant."

In April 2021, the County filed an answer to the complaint; the respondents-in-certiorari also filed an "answer in certiorari," which attached as an exhibit a copy of the record on appeal and requested that the respondents-in-certiorari, "having fully answered, … be discharged" from the case.[3] In May, the respondents-in-certiorari filed a motion asking the superior court to discharge them from the

---

[2] OCGA § 5-4-1 (2020) et seq. was repealed on July 1, 2023, and replaced by OCGA § 5-3-2 et seq. See Ga. L. 2022 (vol. 1) at 767.

[3] The answer in certiorari also set forth defenses and responded to each paragraph of the complaint, "[t]o the extent Petitioners-in-Certiorari/Plaintiffs' alternative claims outside Certiorari [were] to be heard by the [c]ourt."

3

case because they had filed an answer and the record of the underlying proceedings had been transmitted, such that they had "fulfilled their sole function in certiorari proceedings, to wit: filing of the record in the case." The superior court denied the motion in June 2021.[4]

In March 2023, this Court issued its decision in *State v. SASS Group*, 315 Ga. 893 (2023), which held that when a plaintiff brings claims relying on Paragraph V's waiver of sovereign immunity in an action that names defendants other than the State or the relevant local government, "the entire case must be dismissed." Id. at 904. In light of *SASS Group*, the County filed a motion to dismiss, contending that because Tussahaw's lawsuit named parties other than the County, the action was "barred by sovereign immunity," such that the superior court lacked subject-matter jurisdiction. In response, Tussahaw argued that the complaint complied with

---

[4] In addition, in February 2023, the County filed a motion asserting that Tussahaw's certiorari claim was improper and requesting that the lawsuit proceed only on Tussahaw's remaining claims for declaratory and injunctive relief. It appears that the trial court did not rule on that motion.

Paragraph V because the Board and its members were not named as "defendants" within the meaning of Paragraph V, but as "respondents-in-certiorari," with a limited role in the litigation under the statutory framework set forth in former OCGA § 5-4-1 et seq. Tussahaw also filed a motion asking the superior court for leave to drop the respondents-in-certiorari from the lawsuit pursuant to OCGA § 9-11-21, which says, in pertinent part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In addition, the respondents-in-certiorari filed a motion asking the superior court to reconsider its ruling denying their motion to be discharged from the case.

After a hearing, but without ruling on the motion to drop the respondents-in-certiorari or the motion for reconsideration, the superior court granted the County's motion to dismiss in November 2023. The court determined that Tussahaw "filed a declaratory judgment action against [the] County" but also "incorporated an additional claim for certiorari" naming the respondents-in-

certiorari, which were "not parties specified in [Paragraph] V's waiver." The court added, in a footnote, that Tussahaw's "pleadings establish that [Tussahaw sought] declaratory judgment relief against *both* Butts County, Georgia, and the Butts County Board of Commissioners." Concluding that the complaint "offend[ed] the exclusivity requirement of [Paragraph] V" and citing *SASS Group*, the superior court ruled that "this action is barred by sovereign immunity[,] thereby denying this [c]ourt subject matter jurisdiction over it," and dismissed the lawsuit.

Tussahaw appealed,[5] and the Court of Appeals affirmed. See *Tussahaw Reserves*, 373 Ga. App. at 327. The court expressly declined to address whether the "term 'defendant' as used in Paragraph V includes 'respondents-in-certiorari' under the former statutory scheme for certiorari to the superior courts," because the superior court had not distinctly ruled on that issue (despite

---

[5] Tussahaw filed an application for discretionary review in this Court, which we transferred to the Court of Appeals in January 2024 because the case did not invoke our jurisdiction. The Court of Appeals granted the application in February 2024.

Tussahaw raising it in that court).  Id. at 325–26.  The Court of Appeals then concluded that the superior court nevertheless correctly ruled that dismissal was required under Paragraph V on the basis that the "substance" of Tussahaw's complaint demonstrated that Tussahaw "sought declaratory and injunctive relief directly against the Board."  Id. at 326–27.  Citing its own precedent about the general construction of pleadings in circumstances unrelated to Paragraph V, the Court of Appeals said that "[i]n determining whether a governmental agency is immune from suit, we look to the substance of the claims asserted, rather than the nomenclature in the pleading."  Id. at 326.  The court then pointed to language in Tussahaw's complaint asking the superior court to "order *Defendants* to rezone their property"; to "declare that *the Board's* actions … were arbitrary, capricious, [and] unreasonable" and that "*the actions of the Board* … resulted in a denial of substantive and procedural due process of law"; and to "grant … relief … against *the Board and Butts County*."  Id. at 326–27 (quotation marks omitted).  The Court of Appeals concluded that

7

this language showed that "regardless of the style of the case, Tussahaw stated independent, substantive claims against the Board," such that "the complaint was subject to dismissal under Paragraph V." Id. at 327. We granted Tussahaw's petition for certiorari review.

2. As pertinent here, Article I, Section II, Paragraph V(b)(1) of the Georgia Constitution says: "Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of … any county … of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States." That provision then "further waive[s]" sovereign immunity to allow a court that awards such declaratory relief to then issue injunctive relief. And as mentioned above, Paragraph V(b)(2) then provides, in pertinent part: "Actions filed pursuant to this Paragraph against any county … of the state or officer or employee thereof shall be brought exclusively against such county … and in the name of such county …. Actions filed pursuant to this

8

Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed."[6]

Tussahaw contends that the term "defendant" in Paragraph

[6] Paragraph V(b) says in full:

(1) Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021.

(2) Actions filed pursuant to this Paragraph against this state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof shall be brought exclusively against the state and in the name of the State of Georgia. Actions filed pursuant to this Paragraph against any county, consolidated government, or municipality of the state or officer or employee thereof shall be brought exclusively against such county, consolidated government, or municipality and in the name of such county, consolidated government, or municipality. Actions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph shall be dismissed.

V(b)(2) does not include "respondents-in-certiorari," such that the complaint, which named the Board and its members as respondents-in-certiorari but only the County as a defendant, complied with Paragraph V(b)(2). Tussahaw also contends that the Court of Appeals and the superior court erred by looking to the substance of the allegations in the complaint to determine that Tussahaw sought relief from the Board and its members because, Tussahaw says, Paragraph V expressly permits actions seeking declaratory relief from acts of county officers and employees, so long as the action names only the county as a defendant, and Tussahaw sued only the County as a defendant here.

To begin, the superior court did not explicitly rule on Tussahaw's argument that "respondents-in-certiorari" are not "defendant[s]," within the meaning of Paragraph V(b)(2), and the Court of Appeals expressly declined to address that argument in the first instance. See *Tussahaw Reserves*, 373 Ga. App. at 326. Because the superior court (and the Court of Appeals) did not distinctly rule on this issue, we do not consider it in this appeal. See,

e.g., *Wasserman v. Franklin County*, 320 Ga. 624, 653 (2025) ("We are a court of review, not of first view."); *City of Winder v. Barrow County*, 318 Ga. 550, 557 (2024) (declining to address a constitutional argument because, even though it was raised below, the superior court did not rule on it); *State v. Chulpayev*, 296 Ga. 764, 784 (2015) (noting that "[t]his Court ... will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point" (quotation marks omitted)).

We also decline to address Tussahaw's claim that the lower courts erred by looking to the substance of the allegations in the complaint—an argument that raises questions that we have not yet expressly answered about the meaning and scope of Paragraph V(b). Generally, "this Court will not decide a constitutional question if the decision in the appeal can be made upon other grounds." *Cottrell v. Smith*, 299 Ga. 517, 520 (2016). See also, e.g., *State v. Randall*, 318 Ga. 79, 82 (2024) (declining to address the trial court's ruling on the defendant's constitutional claims because his evidentiary argument,

11

which the trial court did not rule on, presented a basis on which his motion to suppress could be resolved without reaching the constitutional issues); *In the Interest of C.C.*, 314 Ga. 446, 455–56 (2022) (declining to address the "difficult and consequential merits" of certain constitutional claims because the juvenile court's analysis of a threshold issue to those claims rested on an incorrect legal standard); *State v. Mondor*, 306 Ga. 338, 345 (2019) (explaining that the defendant's argument that certain evidence was relevant to causation and that a statute excluding such evidence was thus unconstitutional presented a "threshold issue of constitutional avoidance" because if the evidence was not relevant to causation, "this Court will have no occasion to reach the merits of his constitutional claim").

As discussed above, after the County moved to dismiss the lawsuit on the ground that Tussahaw failed to comply with Paragraph V(b)(2), Tussahaw moved to drop the respondents-in-certiorari pursuant to OCGA § 9-11-21, and the respondents-in-certiorari asked the superior court to reconsider its ruling denying

12

their motion to be discharged from the case. The superior court, however, did not rule on those motions and instead proceeded to rule on the constitutional issue, concluding that because Tussahaw "offend[ed] the exclusivity requirement" in Paragraph V(b)(2), the action was "barred by sovereign immunity[,] thereby denying th[e] [c]ourt subject matter jurisdiction over it." We conclude that, to the extent that the superior court presumed that it lacked the subject-matter jurisdiction to rule on the pending motions, the court was incorrect.

As we recently explained in *Warbler Investments, LLC v. City of Social Circle*, 321 Ga. 125 (2025), a failure to comply with Paragraph V(b)(2) "is not a jurisdictional bar to hearing the case." Id. at 130. We reasoned that Paragraph V(b)(1) "provides a waiver of sovereign immunity for certain claims against the State and local governments," while Paragraph V(b)(2) merely imposes a procedural "naming requirement." Id. at 125–26. Because complying with the naming requirement "is not a pre-requisite for relying on the waiver of sovereign immunity," we concluded that when an action does not

13

comply with Paragraph V(b)(2), "it does not deprive the trial court of subject-matter jurisdiction or leave it powerless to act in the case." Id. at 129–30. And, importantly, we ultimately held that a complaint that does not comply with Paragraph V(b)(2)'s naming requirement may be cured by dropping parties to the action under OCGA § 9-11-21, thus avoiding dismissal. See id. at 125.

Notably, the superior court did not have the benefit of our decision in *Warbler* when it dismissed Tussahaw's lawsuit on the basis that it was "barred by" sovereign immunity because Tussahaw did not comply with the naming requirement in Paragraph V(b)(2).[7] As we explained in *Warbler*, any such failure to comply with that "procedural rule" has no effect on the waiver of sovereign immunity granted by Paragraph V(b)(1). 321 Ga. at 130, 133-34. Nor did it prevent the superior court from ruling on the pending motions to drop the respondents-in-certiorari from the case. See id. at 125. These motions present a basis on which the motion to dismiss may

---

[7] We also note that *Warbler* was issued after the Court of Appeals issued its decision in this case.

14

be resolved without reaching Tussahaw's claim that Paragraph V(b) does not call for an examination of the "substance" of the allegations in the complaint.[8]  We therefore decline to resolve that claim here.

Accordingly, we vacate the Court of Appeals's opinion and remand the case for that court to remand the case to the superior court, with the direction that the superior court vacate its order dismissing the lawsuit and conduct further proceedings consistent with this opinion.  See, e.g., *Randall*, 318 Ga. at 82–83 (vacating the trial court's ruling on the defendant's constitutional claims and remanding for the court to rule on his evidentiary claim because it "present[ed] a basis on which his motion to suppress [could] be resolved without reaching his constitutional claims"); *In the Interest of C.C.*, 314 Ga. at 458 (vacating the juvenile court's ruling on certain constitutional claims and remanding the case for the court to properly address a preliminary question with respect to those

---

[8] In addition, it appears that the superior court did not rule on the County's February 2023 motion requesting that the lawsuit proceed only on Tussahaw's claims for declaratory and injunctive relief, mentioned in footnote 4 above.  A ruling on that motion by the superior court on remand also may make deciding the difficult merits issues presented in this case unnecessary.

claims).

*Judgment vacated and case remanded with direction. All the Justices concur, except Land, J., disqualified.*